Olóf Thorin and Mary Thorin, Appellees, v. Victor Marchi et al., Appellants.

Gen. No. 38,712.

Opinion filed December 9, 1936.
Rehearing denied and additional opinion filed December 28, 1936.

Eugene K. Lutes and Eugene L. Campbell, both of Chicago, for appellants; Eugene K. Lutes, of counsel.

Frisch & Frisch, of Chicago, for appellees; Samuel J. Nordorf, of Chicago, of counsel.

Mr. Justice Hebel delivered the opinion of the court.

This action here on appeal is a proceeding to foreclose a trust deed on the estate described securing the payment of a balance of $8,500 of the principal sum and two interest coupons in default, of $255 each.

The plaintiffs on December 1, 1921, conveyed certain described real estate in Cook county, Illinois, to Victor

Marchi and Alice Marchi in joint tenancy in consideration of $25,000. This consideration was paid partly in cash and certain credits, partly by the exchange of a bungalow property then owned by Victor Marchi and Alice Marchi as joint tenants, and the balance by certain notes aggregating the principal sum of $13,000, dated December 1, 1921, and signed and delivered by Victor Marchi. On December 14, 1921, this defendant executed a trust deed on the real estate to secure the payment of his notes. These notes were for the balance of the purchase price. Thereafter Victor Marchi paid certain of the notes secured by the trust deed and thereby reduced the principal sum of $13,000 to $8,500. The plaintiffs received $16,500 to apply on account of the purchase price of $25,000, leaving a balance of $8,500, secured by the trust deed upon the real estate in question at the time of the filing of the bill of foreclosure of equity of redemption of the defendant Victor Marchi in and to the real estate therein described.

On December 1, 1931, upon maturity of the $8,500 due upon the note signed by Victor Marchi, which had been extended from time to time, the note was again extended for one year thereafter to December 1, 1932, by an extension agreement signed by the plaintiffs and Victor Marchi and his wife Alice Marchi, and they also signed two interest coupons for $255 with interest at the rate of six per cent per annum for the period of the extension.

Thereafter, on October 31, 1932, the defendants conveyed the real estate in question to the Pullman Trust & Savings Bank as trustee, to hold title for the benefit of Victor Marchi and Alice Marchi as joint tenants.

Upon the filing of the answer of Victor Marchi and Alice Marchi to the bill of complaint, the cause was referred to a master in chancery of the superior court of Cook county. The evidence having been presented to the master, a report was filed wherein the master recommended that a decree be entered finding that the

note secured by the trust deed signed by Victor Marchi was a lien only upon the half interest of Victor Marchi as a joint tenant in and to the property described, and not upon the individual half interest owned by Alice Marchi as a joint tenant at the time the note and trust deed securing payment was executed by Victor Marchi.

The plaintiffs filed objections to the master's report, which were overruled, and upon a hearing as exceptions the chancellor sustained the objections, which appears from the decree entered by the court on November 4, 1935, finding that the notes and trust deed constituted a lien on the fee owned by Victor Marchi and Alice Marchi at the time the same were executed by Victor Marchi, one of the defendants.

The sufficiency of the pleadings is not questioned.

The defendants Marchi contend that as a legal proposition one co-tenant acting alone cannot sell, convey, or incumber the joint or common property so as to bind his co-tenants, and a mortgage will give the mortgagee no greater rights or interests than the mortgagor possessed, and will bind only the latter's interest, citing in support of this position a number of decisions of courts of appeal in this and other jurisdictions.

The plaintiffs do not challenge the correctness of the above proposition as a rule of law, but in reply suggest that the acquisition of a title by co-tenants, accompanied by the contemporaneous execution of a purchase-money mortgage by one of the co-tenants is but one transaction and would be a lien upon the real estate of the joint tenants.

While the plaintiffs admit that the precise question has not been decided in this jurisdiction, they believe upon analysis of the legal principles involved this conclusion may be reached consonant with logic and law.

It must be admitted the plaintiffs are charged with the knowledge that they knew the title to the real estate was conveyed to the defendants Victor Marchi and

Alice Marchi as joint tenants, and to secure part payment of the purchase price a trust deed and notes were executed and delivered by Victor Marchi alone, conveying his interest in and to the real estate.

There is no charge in the bill of complaint that the plaintiffs were deceived by false representations by the defendants and induced to accept a trust deed from Victor Marchi alone securing the payment of the notes, and the receipt of subsequent payments by Victor Marchi.

It is a rule of law that of necessity a debt must exist or some obligation to pay money secured by a trust deed, and where no indebtedness exists, the mortgage is null and void. *Bacon v. National German-American Bank,* 191 Ill. 205; *Schaeppi v. Glade,* 195 Ill. 62. At the time Victor Marchi executed the note secured by the trust deed, Alice Marchi was not indebted to the plaintiffs, nor did she agree to pay the plaintiffs any sum of money, so that the plaintiffs had no pecuniary claim whatever against Alice Marchi upon which to base a mortgage, and therefore the remedy of the plaintiffs is limited to foreclosure against the undivided interest of Victor Marchi in the land in question.

The plaintiffs insist, however, that the defendant Alice Marchi by the execution of the extension agreement expressly agreed to assume and pay the mortgage indebtedness, and thereby subjected any interest she had in the premises to the lien of an equitable mortgage in favor of the plaintiffs, and in support of their contention point to the terms of the extension agreement.

Counsel for plaintiffs direct the court's attention to the fact that both Victor Marchi and Alice Marchi constituted the "second party" under the terms of the extension agreement. The agreement specifically provides that the party of the first part (Olof Thorin and

Mary Thorin) agree to extend the payment of $8,500 for one year—so long as said party of the second part (Victor Marchi and Alice Marchi) shall promptly pay interest thereon—and shall further keep and perform all and singular the covenants and agreements in said note and trust deed contained. And the said party of the second part (Victor Marchi and Alice Marchi) hereby agrees to and accepts said extension upon the conditions aforesaid.

The question is largely one of construction of the provisions contained in the extension agreement. From the words used by the parties it is reasonable to construe the language as meaning that the defendant Alice Marchi did not agree to pay the indebtedness secured by the trust deed, which was the obligation of Victor Marchi. No consideration was received by her which would prompt her to assume the obligation, nor is there any implication from the words used in the extension agreement that such was the intention of the parties. This is supported by her signature upon the two interest coupon notes, which would indicate that she only assumed payment of these notes.

The language of the Supreme Court in the case of *Ogden v. Ogden,* 180 Ill. 543, is pertinent upon the question of liability of Alice Marchi under the terms of the trust deed, by which she has not admitted an indebtedness by the execution of a note, and in *Ogden v. Ogden,* the court said:

"We cannot hold that mere proof that Edwy C. Ogden agreed to assume his father's debt in the amount specified, and then executed this mortgage as a part of that transaction, is sufficient to authorize foreclosure of the mortgage as made. The debt is the principal thing and the mortgage only the incident. While this court has held in several cases that the giving of renewal notes or the merging of the notes in a judgment does not operate to release the mortgage

lien, (*Rogers v. Trustees of Schools,* 46 Ill. 428; *Citizens' Nat. Bank v. Dayton,* 116 Ill. 257;), yet it has not been held, to our knowledge, that a mortgage purporting to secure only a supposed note never made can be foreclosed as drawn, even though an indebtedness which it does not purport to secure, existed.''

The extension agreement does not extend the time of payment of a note executed by Alice Marchi, nor does the trust deed purport to secure an indebtedness of this defendant. Therefore, a decree of foreclosure cannot be entered which would be a lien against her joint interest, even though an indebtedness does exist payable to the plaintiffs by Victor Marchi.

One more point remains to be considered, and that is, at the time of the filing of the bill of complaint a complete legal and equitable title to the property was in the Pullman Trust and Savings Bank, as trustee, who alone would have a right to redeem from either a sale under the trust deed or by payment of the indebtedness, and its *cestui que trustent* had no rights or claims severed from it.

Under the terms of the trust conveyance by Alice Marchi and Victor Marchi to the Pullman Trust & Savings Bank as trustee, the full legal and equitable title was conveyed to the latter with full power and authority to improve, manage and operate the property and with power to convey the fee simple title. The general rule is, as contended by the plaintiffs, that under the common law the legal estate in the hands of a trustee acquires only such title as is conveyed to the trustee by the trust conveyance.

The defendants' reply to this proposition is that if Victor Marchi's half interest was subject to the mortgage, and Alice Marchi's half was not so subject, the bank as grantee would take whatever title or interest its grantors had and subject to the same liens, no more and no less.

It is true, as suggested, where owners of property convey it to another, the latter takes whatever interest the former had, subject to the liens of record at the time of the conveyance.

The trust agreement does not change the contractual relations between the plaintiffs and the defendants, for the defendant Alice Marchi was not indebted to the plaintiffs, and the conveyance to the Pullman Trust & Savings Bank by its trust agreement did not enlarge or fix her personal responsibility for this indebtedness. The conveyance to the trustee was for the purpose of the trust. From this trust agreement, title in the trustee was to be held for the use and benefit of Victor Marchi and Alice Marchi, his wife, as joint tenants, and the trustee is invested with title for that purpose, but does not assume or become liable for any claim.

The question of merger could not arise, for the trustee derived title to the real estate for the purposes of the trust agreement and for no other purpose. Therefore, there was no merger of a greater with a less estate in the same person. The only title the trustee received was a title subject to the incumbrance of Victor Marchi, and does not affect the interest of Alice Marchi. The decree was against both defendants, when, as a matter of law, it should have been against only Victor Marchi, so far as his interests appear in the record, and the court erred in the entry of the decree against both defendants.

For the reasons stated in this opinion, we believe it will be necessary to reverse the decree, and accordingly, the decree of the superior court is reversed and the cause remanded with directions to the court to enter such other and further orders as may be consistent with the views herein expressed.

*Reversed and remanded with directions.*

DENIS E. SULLIVAN, P. J., and HALL, J., concur.