Fullerton Greenview Amusement Corporation, Appellant, v. Hollywood Building Corporation and Greenview Amusement Company, Appellees.

Gen. No. 41,126.

Heard in the third division

M. A. GORDON and HERSHENSON & HERSHENSON, all of
Chicago, for appellant.

ARND, GRIFFIN & HANLEY, of Chicago, for appellee
Greenview Amusement Co.

MR. JUSTICE HEBEL delivered the opinion of the court.
The plaintiff as a tenant filed in the municipal court
of Chicago on October 26, 1939, a forcible detainer
action against the Greenview Amusement Company, a
tenant in possession of the premises in question, and
Hollywood Building Corporation, the owner. This ac-
tion is for the possession of the premises known as the
Hollywood Theatre located at 1500 West Fullerton
avenue, Chicago. At the close of the plaintiffs' proofs,
the defendant, Greenview Amusement Company, moved
to dismiss the case; whereupon, on November 8th, the
court granted the motion of defendant and entered a
judgment against the plaintiff.

The pleading that was filed as required by statute is
a complaint wherein the plaintiff alleges that it was
entitled to the possession of the premises described
therein, and that after the execution of a lease by the
owner of the premises in question to the plaintiff, the
plaintiff served a demand for possession on the Green-
view Amusement Company, the tenant in possession,
and the Hollywood Building Corporation, the owner
of the premises. It appears from this demand for pos-
session that the plaintiff demands immediate possession
of Hollywood Theatre, being the theatre premises lo-
cated in the building at 1500-08 Fullerton avenue, Chi-
cago, Illinois, and is dated the 26th day of October, 1939,
and signed ''Fullerton Greenview Amusement Corpo-
ration'' by ''M. A. Gordon.'' Receipt of a copy of said
demand for possession on the 26th day of October, 1939,

was acknowledged by the Hollywood Building Corporation on the face of the written demand for possession.

It further appears that there is a sworn affidavit attached by R. Lichten that he did on October 29, 1939, serve the above-mentioned demand for possession on the said Greenview Amusement Corporation by delivering a copy to Miss Hill at the address of the premises in question.

It appears further from the evidence that the defendant's lease to the premises is for a term commencing February 1, 1938, and terminates on January 31, 1953. This term of 15 years is divided into 12-month periods (each of which is referred to as a lease year), the first of which commenced as of February 1, 1938, and terminated on January 31, 1939, and every succeeding lease year shall commence on February 1st following and shall terminate on January 31st, following thereafter. It further appears that whenever the word "annual" is used, it is meant to refer to a 12-month period or a lease year. The term "gross annual receipts" means all paid admissions to the theatre received by the defendant during each lease year of the term. The term "annual rents" means the amount of rent payable by defendant during each lease year on gross annual receipts. The lease also provides that the defendant shall pay lessor the sum of Five Hundred ($500.00) Dollars, on the first day of each month until the expiration of the lease, and shall pay annually 15 per cent of the gross annual receipts in excess of $40,-000, as additional rent. All computations for additional rent payable under said lease were to be made on the "lease year" basis, the defendant to deliver to the lessor by the first day of April of each year a statement certified by an accountant satisfactory to lessor of the gross annual receipts of the preceding year and, within 90 days after the end of each lease year, a cash adjustment, if any, for such lease year with respect to any additional rent due, was to be made between this defendant lessee and lessor.

The plaintiff in this action contends that said lease became terminated, first, because this defendant did not provide an audit of its annual receipts on or before April 1, 1939, and second, because the defendant failed to remove a portion of the canopy which was constructed over the entrance to the theatre. There is no claim made nor is there any evidence in the record tending to prove that this defendant is in default of payment of rent of Five Hundred ($500.00) Dollars per month in accordance with the terms of the lease, or that defendant has ever been in default in making such payments.

The question that seems to be the controverted one is whether the defendant's failure to submit an audit on April 1, 1939, is a sufficient default under the lease entitling the plaintiff to bring this action. No request was made by the lessor to furnish such audit until July 24, 1939. In response to the request, the attorney for the defendant lessee, on August 2, 1939, wrote a letter to lessor in which he enclosed an audit of defendant lessee's bookkeeper, showing that the gross receipts of said defendant for the preceding lease year, from February 1, 1938, to January 31, 1939, were Thirty-Nine Thousand Six Hundred Fifty One and 19/100 ($39,651.19) Dollars, to which said letter the lessor replied in a letter dated August 10, 1939, stating: "This is to inform you that the statements received are not in compliance with the terms of the lease and that your failure to comply with the terms of the lease constitutes an event of default." The defendant lessee subsequently employed a firm of certified accountants, who audited the books of this defendant and found that the gross receipts for said lease year in excess of $40,000 were $1,383.98, 15 per cent of which amounted to $153.39, and check for said amount was sent November 4, 1939, to the lessor and by it retained.

It also appears in this case that the plaintiff claims the right of possession under a lease from Hollywood

Building Corporation to plaintiff, bearing date of October 15, 1939, for a term of 15 years.

It is suggested by the plaintiff that defendant's lease was terminated for a default in failing to cut down the canopy to conform to the widening of Fullerton Avenue. Lessor demised to the defendant the canopy as a part of the building located at 1500-08 Fullerton avenue, Chicago. The canopy there is the same canopy as has been there since 1931. At the time of the making of the lease in question to defendant, the canopy did not extend beyond the side walk. The side walk at that time was approximately 14 feet wide, and is now approximately seven feet wide, due to the widening of the street, and causing said canopy to protrude over Fullerton avenue. The defendant lessee contends that their lease does not provide for a contingency of such nature, and that even though it did so provide, making it the duty of said defendant to make changes needful to meet the new conditions, the plaintiff would not be entitled to maintain a proceeding to dispossess this defendant, and that plaintiff cannot avail itself of rights to which the lessor could not have availed itself.

In the lease there is a provision wherein the lessor demised to the defendant the premises therein described, which includes the canopy, and there is a further provision that the "lessee shall, at all times during the term of this lease, maintain and operate, at its own expense, the electrical sign and canopy at present installed in the front of the demised premises and shall have the right, on thirty days prior written notice to the lessor, to take down, remove, alter, modify, replace or substitute a new sign for such sign or a new canopy for the canopy so installed. . . ."

It further appears that on August 10, 1939, the lessor notified lessee among other things that "demand is hereby made upon you of immediately remodeling the canopy which now extends into the street. Your failure to maintain the canopy in accordance with the Ordinances of the City of Chicago likewise constitutes an

event of default.'' When we come to observe the facts as they appear we find that after the writing of this letter to defendant dated August 10, 1939, the present forcible detainer action was filed in the municipal court on October 27, 1939. It does not appear that the defendant at any time refused to comply with the ordinances of the city of Chicago that control a situation such as we have in this case, and it is also to be noted that the plaintiff does not in its brief call our attention to the provision of the ordinances that the defendant violated, and which is contended is a default in the performance of provisions of the lease between the lessor and this defendant. It does not seem as though a reasonable time has elapsed between the time of this demand and filing of the suit, sufficient to indicate that defendant ` was in default, especially when no ordinances are called to our attention, which are claimed to have been violated by the defendant.

This, together with the fact that rent which was to be paid each month during the period of the lease, as far as appears from this record, was paid promptly, and the audit was complied with, and the amount of $153.39 found due and paid.

The plaintiff had its dealings with the lessor and a lease was entered into between the plaintiff and lessor bearing date of October 15, 1939, for a period of 15 years, which would indicate that the purpose of the plaintiff was to obtain the possession of these premises by this proceeding, and the lessor, although made a defendant in the proceeding, did not take any part in the litigation, so that from what we have stated in this opinion, we have reached the conclusion that the trial court's action was not erroneous in entering the order dismissing the action and entering judgment for the defendant.

For the reasons stated the judgment will be affirmed.

*Affirmed.*

DENIS E. SULLIVAN, P. J., and BURKE, J., concur.