Hollywood Building Corporation, Appellee, v. Greenview Amusement Company, Appellant.

Gen. No. 41,840.

Heard in the third division of this court for the first district at the October term, 1941. Opinion filed July 3, 1942. Rehearing denied September 18, 1942.

LAWRENCE A. JACOBSON, of Chicago, for appellant.

MURPHY & PEARSON, of Chicago, for appellee; JOHN T. MURRAY and LAWRENCE L. O'CONNOR, both of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action of forcible detainer filed December 5, 1939, for possession of theatre premises at 1500–08 W. Fullerton avenue, Chicago and for damages for unlawfully withholding possession. The trial was by the court without a jury and judgment was entered for plaintiff for possession. Defendant has appealed.

Defendant occupied plaintiff's theatre under a 15-year lease made February 1, 1938 with rent at $500 per month, plus a percentage of annual business. Included in the lease was a steel canopy and sign 40-feet wide, 6-feet deep, which extended 14 feet from the building

to the edge of the then sidewalk. It is attached to the building with steel bindings, supports a sign, and on its three sides carries advertisements of current motion pictures. Early in 1939, Fullerton avenue was widened by the City and the width of the sidewalk reduced, so that the canopy and sign extend beyond the sidewalk and over the street about 6 feet. On November 18, 1938, defendant wrote plaintiff, notifying it of the proposed improvement and the consequent reduction of the sidewalk width and the necessity of reducing the size of the canopy and sign to meet City Ordinances. The letter called upon plaintiff to make the changes. August 10, 1939, plaintiff wrote defendant demanding that it remodel the canopy and notified defendant that its failure to do so in conformity with ordinances of the City was an "event of default." October 15, 1939, plaintiff made a lease with another company, which later sued defendant in an action similar to this and in which defendant on November 8, 1939, had judgment which was affirmed here. *Fullerton Greenview Amusement Corp. v. Hollywood Bldg. Corp.*, 305 Ill. App. 452. November 26, 1940, plaintiff demanded possession presumably because the defendant's judgment made the second lease ineffective. Defendant refused to vacate and the instant suit followed. Plaintiff accepted $500 per month rent to and including April 1941, and while the checks were not cashed, were certified and kept by plaintiff. Defendant's failure to remodel the canopy to conform to the City's requirements, is the only default charge and it is admitted that neither party, when the lease was executed knew that the street improvement was to be made.

The court in its final order entered April 9, 1941, found that defendant failed to properly maintain and operate the canopy as required by the lease, violated the City Ordinance pertaining thereto and by virtue thereof is in default and plaintiff is entitled to possession.

Plaintiff contends defendant was required under the lease to remodel the canopy and sign following the street improvement, so as to come within the requirements of chapter 86, section 66 of the Municipal Code of Chicago, which provides that no sign erected prior to a street widening shall extend more than three feet beyond the new curb, after the improvement. The first question is whether defendant's refusal to remodel the canopy and sign was a default under the lease giving rise to plaintiff's right to possession. We must determine the answer by a reasonable construction of the terms of the lease and the intention of the parties.

The relation of landlord and tenant creates no obligation or duty on the landlord to make repairs, unless he assumed such duty by express agreement with the tenant. *Loy v. Sparks,* 304 Ill. App. 35. In the instant case the landlord assumed no such duty. A covenant to repair by the tenant, except to prevent waste by his acts of negligence, is not implied by law and an express covenant to repair will not be enlarged by construction. 45 A. L. R. 17.

Plaintiff's contention rests on sections 1, 2, 3 and 4 of Article IV of the lease. Section 1 required defendant to comply with all health and police regulations to the extent of changes, structural or otherwise, costing $1,000 for any one year and $10,000 for the complete term. Section 2, required defendant to bear the cost of any changes in the premises, required by law and which were occasioned by its manner of operating the premises. Section 3 required it to keep the premises in good condition, working order and repair and to decorate, etc. and to return them in as good condition as when received, reasonable wear and tear excepted and to make all needful and proper replacements, renewals or improvements to maintain the efficiency of the premises. Section 4 required it to maintain and operate at its expense the electric sign and canopy with the right to remove, alter, modify or replace the sign or canopy

on notice to plaintiff; in a proviso of this section lessee expressly agreed to indemnify plaintiff against all claims, etc. growing out of damages to personal property, resulting from the maintenance, operation, repair or reconstruction of the electric sign or canopy, or for failure to maintain them, and agreed that the lessor should have no obligation in connection with their maintenance or operation.

Section 2 does not apply because the change required in the sign and canopy was not occasioned by defendant's operation of the premises. Section 3 applies only to work necessary to preserve the condition of the premises as they were at the execution of the lease. Section 4, refers only to maintenance and operation of the sign and canopy, except for the extraordinary work defendant had the right to do on notice to plaintiff, which we will discuss hereinafter. The proviso in section 4 refers likewise to the right to extraordinary work and to maintenance and operation. Section 1 requiring compliance with health and police regulations is the only provision upon which the judgment can rest.

We have not been referred by either party to any Illinois cases precisely on the point involved here. We have read several New York cases cited by the defendant, but they are not applicable here because of the words "structural or otherwise" in section 1 of the lease. Section 66 of the Municipal Code above referred to, is a police regulation (*Evans v. City of Kankakee*, 231 Ill. 223), which was brought into application when the sidewalk was reduced in width. The street improvement was, of course, not contemplated by the parties when the lease was executed, but a close reading of the lease indicates that plaintiff was careful to avoid any responsibility for changes in the canopy and sign and that the necessary changes, though important alterations, come within the words "structural or otherwise." A provision similar to that requiring notice

to plaintiff of defendant's proposal to exercise its right to alter, etc. the sign or canopy, was said in *City of New York v. United States Trust Co.,* 116 App. Div. 349, 101 N. Y. Supp. 574, to negative the idea that defendant agreed to bear the expense of the alterations made necessary by law. In that case there was a prohibition against such changes unless the landlord consented. We believe that agreeing to make changes "structural or otherwise" in compliance with police regulations at defendant's expense is not inconsistent with its right at its expense to make important changes voluntarily. We hold that a proper construction of the lease in question, having regard to the expressed and inferred intentions of the parties, is that defendant under section 1, was bound to alter the sign so as to comply with section 66 of the City Code.

Defendant claims plaintiff waived its right to possession for the default, by accepting rent after the notice and demand. Plaintiff does not deny that having defendant's checks certified was the same as cashing them, so far as defendant is concerned. Article VI, sec. 4 of the lease provides that "payment or receipt of less than the full amount due shall not" waive or affect any notice or demand or waive any right or remedy of the lessor, plaintiff. This provision differs from that in *Vintaloro v. Pappas,* 310 Ill. 115, cited by plaintiff. Plaintiff contends that the general rule of waiver does not apply here because of the provision referred to. Since the parties dispute the meaning, and because of the uncertainty of the language, we must construe the words most strongly in favor of the defendant. Plaintiff says the phrase "of less than the full amount due" modifies only "receipt" and not "payment." We believe both words are modified by the phrase and that the proper construction clearly means that payment or receipt of the full rent waived plaintiff's right to terminate the lease under the notice and demand which preceded such payment or receipt.

For the reasons herein given the judgment of the Superior Court is reversed.

*Judgment reversed.*

BURKE, P. J., and HEBEL, J., concur.