(No. 32074.—

ALEKSANDRA WOJCIK *vs.* CASIMER STOLECKI *et al.,* Appellants.—(THEODORE SUDERSKI, Appellee.)

*Opinion filed January 24, 1952—Rehearing denied March 17, 1952.*

Francis X. Golniewicz, of Chicago, for appellant Casimer Stolecki, and Thad. Niemira, of Chicago, for appellant Aleksandra Wojcik.

G. A. Buresh, of Chicago, for appellee.

Mr. Justice Crampton delivered the opinion of the court:

Aleksandra Wojcik filed a complaint in the superior court of Cook County, seeking partition of certain real estate registered under the Torrens Act. The principal defendants are Theodore Suderski, the holder of a commissioner's deed to the premises under a foreclosure decree, and Casimir Stolecki, the holder of a sheriff's deed under redemption as a judgment creditor. Theodore Suderski

filed a counterclaim praying that the complaint be dismissed and that the registrar be ordered to issue him a certificate of title. The court entered a decree granting to defendant Suderski the relief prayed in his counterclaim. Plaintiff Wojcik and defendant Stolecki appeal.

In 1946 the property was owned by appellant Wojcik and her husband as joint tenants, subject to a trust deed. Suit was brought to foreclose the trust deed, and on March 12, 1946, appellee, Suderski, purchased the premises at the sale under the foreclosure decree. His certificate of sale was filed in the registrar's office March 25, 1946, and a memorial was made on the register. No redemption was made within twelve months after the sale. About eight months after the foreclosure sale appellant Stolecki obtained a judgment by confession against appellant Wojcik's husband on a promissory note executed by the latter, and a certified copy of the judgment was filed in the registrar's office, a memorial thereof being entered on the register. Execution was issued upon the judgment, which, after twelve months but within fifteen months from the date of the foreclosure sale, was delivered to the sheriff together with a deposit of the sum required to redeem the property from the foreclosure sale. Appellee refused to accept the money or surrender his certificate of sale.

Thereafter the sheriff filed in the registrar's office a certificate of levy upon the real estate in favor of appellant Stolecki, a certificate of redemption by him as judgment creditor of Mr. Wojcik, and a duplicate sixty-day certificate of sale of the premises to appellant Stolecki, memorials of which were entered on the register. On June 18, 1947, a commissioner's deed was issued to appellee, which he thereupon presented to the registrar together with the outstanding owner's certificate of title, the mortgagee's duplicate certificate and the registrar's fees. The registrar refused, however, to issue him a new certificate of title, and the latter still retains the documents he presented for regis-

tration. About a week later the sheriff issued a deed to appellant Stolecki, which was filed in the registrar's office and a memorial noted.

Section 20 of the Judgments, Decrees and Executions Act (Ill. Rev. Stat. 1951, chap. 77, par. 20,) provides that if redemption is not made within twelve months after the sale any judgment creditor may, after the expiration of twelve months and within fifteen months after the sale, redeem the premises by suing out an execution on his judgment, placing it in the hands of the sheriff to execute, and paying such officer the amount for which the premises were sold, with interest thereon. It is not disputed that Stolecki completed the steps prescribed by the act. He insists that the redemption terminated all rights in the appellee except to receive the redemption money; and that the superior court erred in deciding otherwise. Appellee contends, on the other hand, that Stolecki's judgment having been entered after the foreclosure sale, it did not become a valid lien on the real estate, and that as a result a proper redemption was not made. He further contends that the right of a judgment creditor to redeem, being purely statutory, does not apply to real estate registered under the Torrens Act, as the latter statute was intended to be exclusive in controlling the transfer of registered land and it contains no provision for such redemption.

We think a proper redemption was made by appellant Stolecki. The right of a judgment creditor to redeem does not depend upon any lien on the land but exists solely by statute. (*Williams* v. *Williston,* 315 Ill. 178.) If he has a valid judgment upon which execution may issue at the time he seeks to redeem, it is immaterial that it was obtained after the foreclosure sale. (*Kerr* v. *Miller,* 259 Ill. 516.) The contention that judgment creditors have no right to redeem where the land is registered under the Torrens Act is clearly unfounded. Section 66 of the act expressly provides that "all laws with reference to the

foreclosure and release or satisfaction of mortgage shall apply to mortgages upon registered lands or any estate or interest therein except as herein otherwise provided." (Ill. Rev. Stat. 1951, chap. 30, par. 110.) Under section 26 of the Judgments Act any judgment creditor of a joint owner may redeem the interest of such joint owner upon the payment of his proportion of the amount which would be necessary to redeem the whole. (Ill. Rev. Stat. 1951, chap. 77, par. 26.) This section is not mandatory, however, but only permissive, and does not require a creditor to redeem only the interest of his debtor. The established method of redemption by a creditor of one co-tenant is by paying the entire sale price and redeeming the whole of the premises, although he thereby will obtain title only to the interest of his debtor, and the other co-tenant will retain his interest released from the lien of the sale. (*Hruby* v. *Steinman,* 374 Ill. 465; *Schroeder* v. *Bozarth,* 224 Ill. 310.) The recognized purpose of redemptions is to benefit the debtor through the satisfaction of as many of his debts as possible, and, equally, to benefit creditors by affording them an opportunity to obtain payment of their judgments. To this end redemptions are permitted in so far as the provisions of the statute fairly authorize them. *Hruby* v. *Steinman,* 374 Ill. 465.

In the case at bar Stolecki paid the entire sale price and redeemed the whole of the premises. Registration of the certificate of sale had wiped out the trust deed, (see *Harper* v. *Sallee,* 376 Ill. 540, 546,) and when the certificate of redemption was filed in the registrar's office and a memorial thereof made on the register, appellee's certificate of purchase was nullified. The undivided one-half interest of appellant Wojcik in the premises was thereupon released from any lien involved herein, and when appellant Stolecki obtained his sheriff's deed he became entitled to the other undivided one-half upon completion of the steps for registration required by the Torrens Act.

Appellee insists that Stolecki is not entitled to have his sheriff's deed registered because there was neither a surrender and cancellation of the outstanding certificate of title nor an order of court directing such cancellation. Section 88 ordains that "In case of sale of registered land by a sheriff, master in chancery, receiver, special commissioner or other officer or person pursuant to a judgment, decree or order of court, no transfer of the title shall be made by the registrar, except upon the surrender and cancellation of the outstanding certificate of title, or upon an order of the court filed with the registrar directing such transfer, and in case of the transfer of the fee, directing the cancellation of the outstanding certificate, and granting to the transferee a writ of assistance to put him in possession of the premises." (Ill. Rev. Stat. 1951, chap. 30, par. 125.) However, the fact that the requirements for transfer of title have not yet been fulfilled can be of no aid to appellee. All interested persons are before the court in the present suit and any order necessary for the transfer of title in accordance with the respective rights as herein determined may be entered by the trial court. Appellee's right to the land as a certificate holder ceased when the redemption was made in compliance with the statute. Thereafter his rights were limited to receiving the redemption money. He can derive no benefit from any failure of the creditor to observe statutory requirements unless it affects his own interests.

We conclude, therefore, that the superior court erred in finding appellee Suderski entitled to an owner's certificate of title. The decree is reversed and the cause remanded, with directions to dismiss the counterclaim, to grant a further hearing upon the question of partition as alleged in the complaint, and to enter any other necessary orders in accordance with our views as expressed herein.

*Reversed and remanded, with directions.*