**Martin C. Jeffers, et al., Plaintiffs, v. Charles Brua, Defendant.
Charles Brua, Third Party Plaintiff, Appellee, v. Bruno Sydow, Third Party Defendant, Appellant.
Appeal of Bruno Sydow, Third Party Defendant, Appellant.**

**Gen. No. 48,821.**

First District, Second Division.
February 21, 1963.
Rehearing denied April 11, 1963.

■■■■■■

Herbert M. Wetzel, of Chicago (Demetri M. Spiro and A. M. Horwitz, of counsel), for third party defendant, appellant.

Harold Orlinsky, of Chicago, for third party plaintiff-appellee, Charles Brua.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court:

On August 19, 1955, Martin C. Jeffers and Juliette M. Jeffers, his wife, filed suit against Charles Brua, a contractor, for breach of a building contract entered into by Martin C. Jeffers and Charles Brua on March 5, 1954, the terms of which provided that the latter was to erect a house on a lot owned in joint tenancy by Martin C. and Juliette M. Jeffers. On April 2, 1959,

the defendant, Charles Brua, filed a third party complaint against Bruno Sydow, a plumbing contractor, alleging that Sydow would be liable to him for the full amount of plaintiffs' claim. Subsequently, Martin C. Jeffers died and on September 22, 1961, Juliette M. Jeffers filed an amended complaint, adopting in toto the original contract entered into by her deceased husband and Charles Brua and on October 5, 1961, she filed an amendment to that amended complaint.

This appeal was brought by the third party defendant as the result of a judgment by the trial court in favor of the plaintiff and in favor of the defendant as against the third party defendant.

It is the theory of the third party defendant that Juliette M. Jeffers had no standing to sue, in the original complaint, on the express contract limited to Martin C. Jeffers and Charles Brua because she did not stand in privy as a third party in interest and that her amended complaint of September 22, 1961, and the amendment thereto was a complete abandonment and a total departure from the original contract, being pleaded and grounded on a different cause of action and that therefore, this plaintiff, by failing to preserve her husband's claim by probating his estate and then filing suit prior to the claim being tolled by the Statute of Limitations, is not properly before this court. He further contends that her amended complaint and the amendment thereto sounded in assumpsit for a tortious breach of an implied contract, thereby rendering the third party complaint an attempt to obtain indemnity or contribution from a joint tort feasor.

It is our opinion that, notwithstanding the fact that plaintiff was not a party to the express contract of March 5, 1954, she has a right to sue on that contract and was properly before the court as a coplaintiff on the original complaint filed August 19, 1955.

Mrs. Jeffers owned the property upon which the house was erected in joint tenancy with her de-

ceased husband. As joint tenants, either she or her husband had full power to contract for the improvement of the property and any improvements would inure to the benefit of both because as joint tenants, each had an indivisible interest in the whole of the property. As stated in ILP Joint Tenancy § 4: "Each joint tenant, independent of contract, has power to insure, make repairs, and do any other act which he could or would do were he the sole and exclusive owner, not inconsistent with joint ownership. In other words, a joint tenancy is a present estate in all the joint tenants, and each is seized of the whole." See also Partridge v. Berliner, 325 Ill 253, 156 NE 352; Kane v. Johnson, 397 Ill 112, 73 NE2d 321. The same rule is expressed in 48 CJS Joint Tenancy § 14: "As a general rule, an act or contract by one joint tenant respecting the joint property without the authority or consent of his cotenants cannot bind or prejudicially affect the latter. Where, however, the act of one joint tenant is beneficial to his cotenants, such act will be regarded as the act of all in so far as sharing in the benefit thereof is concerned."

In Reiger v. Bruce, 322 Ill App 689, 54 NE2d 770 (Abst), a forcible detainer action was brought by a joint tenant against a lessee of the premises. One of the defenses imposed was that the plaintiff was not a party to the lease. Mr. Justice Friend, of this court, disposed of that defense in the following language: "Forcible detainer being merely a possessory action, one joint tenant may sue and recover the joint property, and *if one of two joint tenants executes a lease without the participation of the other it will be deemed to be for the benefit of both.*" See also Tindall v. Yeats, 392 Ill 502, 64 NE2d 903.

In a California case, Simpson v. Bergmann, 13 P2d 531, 125 Cal App 1, 13 P2d 531, which is almost on all fours with the case at bar, the husband, who owned two lots in joint tenancy with his wife, entered into a

159

contract for the construction of a dwelling thereon. At the same time a bond was delivered to him. Subsequently, the husband died. After the work had been completed the wife filed suit alleging that pursuant to a dispute between her husband and the contractor, the latter had abandoned the work he had started, at which time she and her husband made a written demand upon the issuer of the bond, as surety, to fulfill the contract, which it failed to do, thereby compelling the husband and wife to take over and complete the work. By so doing they were compelled to spend $8577 over and above the contract price in completing the structure. In answering the defendant's contention that she had no cause of action against the surety, the court observed:

> "With regard to the claim of Louise Bergmann, while as a rule the act or contract by one joint tenant respecting the joint property without the authority or consent of his cotenant cannot bind or prejudicially affect the latter (33 Cor Jur, "Joint Tenancy," § 22, p 913), where the act of one joint tenant is beneficial to his cotenant, such act will be regarded as the act of all in so far as sharing in the benefit thereof is concerned (Crary v. Campbell, 24 Cal 634.) Mrs. Bergmann testified that she and her husband were building the house, and this was alleged in substance in her pleading. While she was not named in the bond, this evidence is sufficient to show that her husband was also acting for her in the transaction, and, notwithstanding the agency was undisclosed, she could maintain an action for damages on the contract. (Citations omitted.)"

We think it clear that, in the case at bar, the improvement contracted for by plaintiff's deceased husband was directly intended to and did, in fact, inure

160

to the immediate benefit of plaintiff, as a joint tenant, and that in that capacity she was properly before the court in the original action on the contract.

■ We find that the appellant's further contention that plaintiff's amended complaint and the amendment thereto constituted a new and separable cause of action sounding in a tortious breach of an implied contract, said new cause being barred by the Statute of Limitations, is totally without merit. An alleged breach of the express contract entered into by her husband and Charles Brua on March 5, 1954 constituted the sole basis of her amended complaint and the amendment thereto and the defendant even concedes that, in her amended complaint, she "adopted and realleged in toto the original contract" entered into by the above-mentioned two parties. The additional allegation in the amended complaint did not render said amended complaint a new and separable cause of action.

■ This cause of action clearly did not sound in a tortious breach of an implied contract but was an action on an express contract and the appellant was properly joined as a third party defendant pursuant to Ill Rev Stats 1961, c 110, § 25(2).

The judgment is affirmed.

Affirmed.

BURKE and FRIEND, JJ., concur.