PAUL R. BOGAN, *et al.*, Plaintiffs-Appellees, *v.* ALEX POSTLEWAIT *et al.*, Defendants—(JOHN JOHNSON, Defendant-Appellant.)

(No. 11233;

Fourth District—December 17, 1970.

Lemna & Lee of Tuscola; Reno, O'Byrne & Kepley, of Champaign, for appellants.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Each plaintiff brought an action joining as defendants, Postlewait, the lessee, and Johnson, the lessor, for labor and materials supplied in the replacement of parts of a central air-conditioning unit in the leased premises. The actions were consolidated in the trial court and judgments were entered against Johnson, the lessor. He appeals.

No issues are raised concerning the necessity of the placement and labor, its quality or its cost. The theory of the lessor is that under the lease the lessee was liable for such expense, and that it was error to enter judgment against lessor.

The premises were leased as a drive-in restaurant. The lease was dated March 1, 1968, for a term of five years with a total rental of $26,000.00 to be paid at the rate of $100.00 per week. In May, 1969, the compressor unit of the central air-conditioning system failed. The evidence is clear that it could not be repaired and that such system would not function until the compressor was replaced. The expected life of such a unit is ten years. The evidence is that during the month of June and a part of July until the unit was replaced, the weather was very hot and humid and that the use of the premises as a restaurant was greatly impaired.

The provisions of the lease which are said to control the issue include:

"4. The Lessors shall be responsible for the maintenance of the exterior of the leased premises, except as to damage caused by negligence of the Lessee or his agents and employees. The Lessee shall be responsible for the interior maintenance of the leased premises and shall repair any damage caused by the negligence of the Lessee, his agents and employees. The Lessee shall keep the leased premises in a clean and sanitary condition and at the expiration of this lease the Lessee shall surrender possession of the leased premises to the Lessors in good condition, reasonable wear and tear and Act of God excepted. The Lessee shall also be responsible for the maintenance of the personal property leased hereunder."

"6. Lessee shall not make any alterations in or additions to the leased premises without the express written consent of the Lessors."

The lessee advised lessor of the failure of the system and the evidence is that the latter said that he would inquire about replacing the compressor. It is clear, however, that the lessor maintained that the lessee would have to pay for the replacement. It appears also that each plaintiff knew that it was uncertain or disputed as to whether the lessor or the lessee was responsible for payment, and that as to one of the plaintiffs the lessee said he would pay if required to. There were no direct dealings between lessor and either plaintiff.

The trial judge's colloquy noted that the compressor unit was a part of the real estate, and that the lease was silent upon the question of who was responsible for the replacement of portions of the real estate. He concluded that the compressor could not be repaired but required replacement. We note that there is no contention that the compressor was not a fixture comprising a unit with the furnace.

The lease was drafted by an attorney for the lessor. As between the parties, the lessor was made responsible for "maintenance of the exterior", while the lessee was made responsible for "interior maintenance" with provision that "he shall repair any damage caused by the negligence of Lessee or his employees". The lessor urges that the replacement of the compressor is "interior maintenance". Maintenance is defined as the up-keep or preserving the condition of property. (*Black's Law Dictionary*.) Maintenance is said to be the up-keep or preservation of the condition of the property, including the cost of ordinary repairs necessary and proper from time to time for that purpose. 54 C.J.S. 905, Maintenance.

While some encyclopedias and opinions discuss maintenance and repair together, or suggest that the terms are used interchangeably, the lease as drafted speaks of lessee's liability to repair in terms of his negligence rather than generally. The same clause provides for surrender of possession "in good condition, reasonable wear and tear * * * expected". The evidence is that the compressor at issue has an expected life of ten years, and will wear out with use. It is not contended that lessee was negligent with regard to the air-conditioning unit.

A lessee's duty will not be enlarged by construction and ambiguous words of a lease will be construed most strongly in his favor. (*Hollywood Bldg. Corp. v. Greenview Amusement Co.*, 315 Ill.App. 658, 43 N.E.2d 566.) This lease, upon its face, distinguishes between the lessee's duty to maintain the interior and to repair. While we conclude that in this lease the connotations of repair and maintenance are distinguished, we note that a lessee's general covenant to repair merely binds him to make ordinary repairs, and does not require him to make radical changes of a permanent, substantial or unusual character. (51 C.S.J. 951, Landlord and Tenant, par. 368 (5).) It has been held that a lessee's agreement to keep motors and equipment in good repair implies preservation of the status quo and does not mean replacement. *Hampers v. Darling*, 166 A.2d 308, 194 Pa. Super. 59.

The lessor relies upon *Kaufman v. Shoe Corp. of America*, 24 Ill.App.2d 431, 164 N.E.2d 617. In that case the lessee actually covenanted to keep the premises in repair. When a public utility ceased to supply steam for heating it became necessary to install new heating equipment in the

premises. The court reversed a judgment for the lessor, noting that under a strict construction of the word, the installation of new heating equipment could not be classified as repair. The court, in such opinion, states that where the lessee is liable to keep the premises in repair and the changes are of a structural or *substantial nature* made necessary by extraordinary or unforeseen future events not contemplated by the parties, the landlord is ordinarily held liable for such alteration or addition. The court further stated:

"In order to shift on the tenant a burden which would naturally fall on the landlord, the warrant for the change should be plainly discoverable in the lease."

The opinion cites cases which conclude that a lessee is not required to absorb the cost of creating something new.

The lessor also cites *Koenigshofer v. Shumate*, 68 Ill.App.2d 474; N.E.2d 195. The issue there was whether the lessor's failure to make corrections of violations of the housing code amounted to a constructive eviction. The changes required by ordinance included construction of fire exits and stairwell enclosures. It is doubtful whether such changes are properly categorized as repairs. The court concluded that the lessor's refusal to make the corrective changes was not a constructive eviction for the reason that at the time he leased the premises the lessee was thoroughly familiar with the ordinance requirements and conditions of the premises so that he accepted them as they stood. Here the issues are substantially different.

The lessor urges that since he did not authorize or arrange for the replacement and its incident expense, the plaintiffs can imply no promise that he would pay. Such issue must be considered in the light of the particular circumstances which exist upon review of this judgment.

The courts have granted various forms of relief where the lessor has failed to meet the obligation to repair, including abandonment by the lessee, the making of the repairs by the lessee and deducting the cost from the rent, recoupment of damages where there is a lessor's action for rent, and an action for damages by the lessee. (*Oppenheimer v. Szulerecki*, 297 Ill. 81, 130 N.E. 325.) In that case the court authorized equitable lien to the lessee for the expense of replacement. The court cited language that the lessee may make the repairs and recover the expense from the lessor. In *Loy v. Sparks*, 304 Ill.App. 35, 25 N.E.2d 893, the court held that the lessee could recover by counterclaim for an amount in excess of the rent then due.

It appears that if the plaintiffs had sued the lessee alone, the latter might have made the lessor a third-party defendant under the provisions of ch. 110, par. 25(2), Ill. Rev. Stat. 1967. (See *Jeffers v. Brua*, 40

Ill.App.2d 156, 189 N.E.2d 374.) The purpose of such statutory provision is to permit a defendant to implead a third-party defendant in order to avoid circuity action, and to permit determination of rights and liabilities of all parties before a single tribunal upon the same evidence. (*Muhlbauer v. Kruzel*, 39 Ill.2d 226, 234 N.E.2d 790.) Here the lessor asserted his defense based on the lease and the court determined the rights of all parties under the evidence.

The lessor's argument upon the lease provision requiring the lessor's written consent to the making of alterations and additions to the premises is not persuasive. The replacement at issue was not an alteration or addition within the plainly understood meaning of the clause of the lease. Again, the issue is not the making of the replacement, but who should pay for it.

The judgment is affirmed.

Judgment affirmed.

SMITH, P. J., and CRAVEN, J., concur.