*In re* MARRIAGE OF KATHLEEN A. NICKS, Petitioner-Appellant, and JAY A. NICKS, Respondent-Appellee.

Fifth District   No. 78-541

Opinion filed September 14, 1979.—Rehearing denied November 8, 1979.

Joseph B. McDonnell, of Churchill, Nester & McDonnell, of Belleville, and Victoria Ehert, law student, for appellant.

Jay A. Nicks, of Smithton, for appellee, *pro se.*

Mr. JUSTICE KUNCE delivered the opinion of the court:

This appeal raises a question as to the equitable apportionment of property under the Marriage and Dissolution of Marriage Act, and the

interrelation between the property provisions of that Act and the principles of property law.

The parties, a couple in their early 20's, were married in November 1975. Some six weeks before their marriage, they acquired certain real estate as joint tenants. Considerable labor and expenditures towards construction of a house on the property were contributed by the husband's father. In June 1976, the husband signed a promissory note payable in one year to this father in the amount of $22,500. The wife did not sign the note.

The couple separated in August 1977; two months later the father instituted an action on the promissory note against his son. Eleven days later, the wife instituted a dissolution of marriage action.

The son did not contest the proceeding on the note, and judgment was entered in favor of the father in the face amount of the note. That same day, the court entered an order in the dissolution proceeding providing in pertinent part that the real estate was to be sold and the proceeds divided equally between the parties after payment of liens and expenses of sale. The court did not at that time determine the extent of the liens against the real estate. After another hearing, the court ordered that the recorded judgment lien of the father on the promissory note given him by his son was enforceable in full against the proceeds of the prospective sale of the real estate. This appeal followed denial of the wife's post-trial motion asking that execution of the judgment lien be limited to the undivided one-half interest of her ex-husband in the jointly held property.

As a general rule, in an action to enforce a lien against the interest of one joint tenant, any judgment rendered affects only the interest of the individual tenant and not the entire estate. (48 C.J.S. *Joint Tenancy* §18, at 938 (1947); see *Thorin v. Marchi* (1936), 287 Ill. App. 513, 5 N.E.2d 292; *Wojcik v. Stolecki* (1952), 411 Ill. 443, 104 N.E.2d 288.) An act or a contract of one joint tenant pertaining to the jointly held property and made without the authority or consent of the co-tenant cannot bind or prejudicially affect the latter. (*Jeffers v. Brua* (1963), 40 Ill. App. 2d 156, 189 N.E.2d 374.) In *Thorin*, relied on here and in the court below by the appellant, the court held that where a husband had executed a note secured by a trust deed to the plaintiffs, but his wife (and joint tenant) was not indebted to the plaintiffs, had not agreed to pay them any sum of money, and had not signed the note, her undivided one-half interest in the property could not be reached by the plaintiff.

Although we agree generally with the principles espoused in the preceding paragraph, we do not think that they are determinative of the equitable distribution of the parties' property upon termination of their marriage. It appears to us that the problem in this case arose from the trial

court's determination that the proceeds of the sale of the real estate should be divided equally between the parties after payment of all liens before the court had all the facts before it as to what those liens were and what would be an equitable apportionment of the property. As the supreme court pointed out in *Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 376 N.E.2d 1382, the Marriage and Dissolution of Marriage Act does not purport to affect property interests *during* the marriage, but "merely classifies the aggregate property interests of the spouses for the purposes of equitably distributing the property" upon *termination* of the marriage. 71 Ill. 2d 563, 574, 376 N.E.2d 1382, 1387.

In the court below, the attorneys for both sides occupied themselves with questions of contract and property law, to the neglect of the new Marriage and Dissolution of Marriage Act. That Act sets forth a procedure in which the court is to determine what property is "marital" property as defined, and then divide the marital property in just proportions considering all relevant factors, including "the contribution or dissipation of each party in the acquisition, preservation, or depreciation or appreciation in value" of the property. Ill. Rev. Stat. 1977, ch. 40, par. 503.

■ We have determined that this cause must be reversed and remanded to the trial court for further proceedings in accord with the Marriage and Dissolution of Marriage Act. On remand, the trial court should not consider the father's judgment lien as determinative in its decision as to the just proportions in which the marital property is to be divided. While we are unable to give much specific guidance on the basis of the record before us, we note that it would seem equally unjust under the circumstances as we understand them either for the entire amount of the husband's father's judgment to be charged to the entire estate, or for the wife to be unjustly enriched by sums actually expended by the husband's father, if indeed she joined her husband in agreeing to repay him. It would appear that the labor expended by the husband's father is presumptively a gift.

For the foregoing reasons, the judgment of the Circuit Court of St. Clair County, insofar as it deals with the apportionment of the real estate held in joint tenancy by the parties, is reversed, and the cause is remanded to that court for further proceedings consistent with this opinion and the Marriage and Dissolution of Marriage Act.

Reversed and remanded.

G. MORAN and KASSERMAN, JJ., concur.