**LaVerne HEFNER, Appellant,**

v.

**ESTATE OF Myrtle INGVOLDSON and Arthur Espeland, as Personal Representative of the Estate of Myrtle Ingvoldson, and individually, Stanford Lenhart, Perham National Bank, and First National Bank of Fergus Falls, Respondents.**

No. C1–83–1639.

Court of Appeals of Minnesota.

March 28, 1984.

Richard F. Nitz, Fergus Falls, for respondent Perham Natl. Bank.

Robert J. Sefkow, Fergus Falls, for respondent 1st Natl. Bank of Fergus Falls.

Heard, considered and decided by FOLEY, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

WOZNIAK, Judge.

This is an appeal from a summary judgment dismissing LaVerne Hefner's claims arising from Stanford Lenhart's cashing of savings bonds and certificates of deposit jointly owned by Hefner and her deceased mother, Myrtle Ingvoldson. Lenhart cashed the bonds and certificates pursuant to a power of attorney granted him by the decedent. He placed the proceeds in accounts in the decedent's name.

Hefner contends that the transactions were not authorized by the power of attorney. She sued Lenhart for conversion, the banks that cashed the bonds and certificates for negligence, and the decedent's estate for failure to pay to her proceeds held by the estate.

The trial court granted summary judgment, finding that Hefner suffered no actionable loss because she had only an inchoate interest in the bonds and certificates. We affirm.

## FACTS

LaVerne Hefner is the daughter of Myrtle Ingvoldson, decedent. Upon the death of decedent's husband in 1971, his entire estate passed to decedent. Shortly thereafter, decedent purchased five separate certificates of deposit from the First National Bank of Fergus Falls, which were placed in joint tenancy between decedent and Hefner. The certificates were automatically renewed over the years.

Decedent also purchased six Series E Treasury Bonds through the Perham National Bank, which she placed in joint tenancy with Hefner. All of the funds used to purchase both the certificates of deposit and the bonds were contributed by dece-

John T. Burns, St. Cloud, for appellant.

Peter A. Hoff, Fergus Falls, for respondent Ingvoldson.

Jeffrey R. Hanning, Moorhead, for respondent Lenhart.

dent. Decedent had at all times remained in sole possession and control of the bonds and certificates.

On June 3, 1981, decedent executed a power of attorney giving Lenhart authority to "deposit checks in her checking account and savings account at the Perham National Bank and to write checks and withdraw funds from the savings account for the purpose of paying bills of Myrtle I. Ingvoldson when they come due."

That day, Lenhart, on behalf of decedent, cashed the five certificates at First National. First National issued a cashier's check, payable to the Perham Bank for $11,123.01 and identified the remitter as "Myrtle Ingvoldson." Lenhart deposited the check in decedent's individual checking account at the Perham Bank. Decedent subsequently wrote checks on her account. All of the proceeds from the certificates were used for the benefit of decedent during her lifetime.

On June 15, 1981, Lenhart negotiated the six Series E Treasury Bonds. He used the proceeds and funds from decedent's checking account to purchase a Ten Thousand Dollar ($10,000.00) money market certificate solely in decedent's name. Upon decedent's death on December 21, 1981, the funds remaining in this account, together with the money market funds, became a part of the estate of decedent.

Nothing in the record indicates lack of mental capacity, undue influence, or fraud.

### ISSUE

Does a joint or co-owner who contributed nothing toward the purchase of federal savings bonds and certificates which were in the sole possession and control of the contributing co-owner suffer an actionable injury when the bonds and certificates are improperly cashed but the proceeds are realized by the contributing co-owner?

### ANALYSIS

The facts in this case, considered in the light most favorable to Hefner, establish:

1. The power of attorney did not authorize Lenhart to cash either the certificates of deposit or the savings bonds.

2. The Perham National Bank permitted Lenhart to cash the savings bonds without presenting medical evidence of decedent's physical incapacity and a power of attorney specifically authorizing the transaction, as required by 31 C.F.R. § 315.40(d), § 315.65.

3. The First National Bank of Fergus Falls permitted Lenhart to cash the certificates of deposit without presenting a power of attorney specifically authorizing the transaction, as required by Minn.Stat. § 528.16.

Despite these technical violations, Hefner suffered no actionable injury because she had only an inchoate interest in the bonds and certificates of deposit.

■ Joint or co-ownership does not automatically confer a property interest in savings bonds and certificates of deposit upon all named owners. Courts look at possession and contributions toward purchase in determining the respective property interests of co-owners of federal savings bonds. In *In re Hayes*, 407 F.2d 1031 (6th Cir. 1969), the court held that a bankrupt who co-owned bonds with her husband had no property interest in the bonds at the time she filed bankruptcy. The husband, who died after his wife filed for bankruptcy, purchased the bonds and kept them in his possession until his death.

The circuit court reasoned:

On the date of the filing of the petition in bankruptcy, the trustee stepped directly into Grace Hayes' shoes. 11 U.S.C. § 110(a) (1964). And on that date Grace Hayes did not have the bonds, had paid nothing for them, and could have been divested of any interest in the bonds at any moment....

What Grace Hayes possessed ... was an inchoate interest in United States Savings Bonds contingent upon two uncertain future events: 1) that her husband died before she did, and 2) that in the meantime he did not cash the bonds....

....

... We read the referee and District Judge's decision as a finding of fact that the economic value of this interest was nil. On all the facts in this case, we cannot declare this finding to be clearly erroneous.

*In re Hayes,* 407 F.2d at 1035–36.

A similar standard applies to jointly held certificates of deposit. Under Minnesota law:

A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent.

Minn.Stat. § 528.04(a) (1982). The next section of the chapter continues:

Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intention, or there is a different disposition made by a valid will as herein provided, specifically referring to such account.

Minn.Stat. § 528.05(a) (1982).

## DECISION

The certificates and bonds remained the sole property of decedent during her lifetime and were available to her to be disposed of as she wished.

■ Hefner contributed nothing toward the purchase of the bonds or certificates of deposit, and had no right of possession to them nor to the proceeds prior to decedent's death. She had only an inchoate interest which would have matured into ownership had decedent predeceased her without cashing the bonds and certificates.

■ Lenhart may have acted beyond the scope of his authority contained in the power of attorney. However, since decedent thereafter signed the majority of the checks drawn on her account prior to her death, decedent ratified the actions of Lenhart who acted as her agent.

■ Since decedent received the proceeds from the bonds and certificates, Hefner suffered no injury other than the loss of an expectancy of an inheritance. That is not an actionable loss.

Therefore we must affirm the trial court's summary judgment.

■ We would caution all financial institutions to adhere strictly to the law in the negotiation of all such financial instruments. Strict adherence insures compliance with the wishes of account holders, protects the rights of heirs, and precludes litigation.

Affirmed.