### RIC-WIL CO. v. E. B. KAISER CO.
Civ. A. No. 47C611.

United States District Court
N. D. Illinois, E. D.
July 16, 1948.

See, also, 187 F.2d 1.

Hawgood and Van Horn, Cleveland, Ohio, and Bair, Freeman & Molinare, Chicago, Ill., for plaintiff.

Haight, Goldstein & Haight, Chicago, Ill., for defendant.

IGOE, District Judge.

This cause came on for trial and the Court, having heard the evidence and considered the stipulations of the parties, finds the facts and states the conclusions of law as follows:

#### Findings of Fact

1. The plaintiff, The Ric-Wil Company, is an Ohio corporation, is the assignee of the entire right, title and interest in each of the letters patent in suit, Nos. 1,991.455, 2,050,968, 2,378,214, and Re. 22,988, and has been the assignee of each of said patents ever since its issue.

2. The defendant, E. B. Kaiser Company is an Illinois corporation having its principal place of business in Chicago, County of Cook, State of Illinois in the Northern District of Illinois, Eastern Division, and has committed the acts com-

7. To the limited extent, of course, that they may be considered to be classified in that fashion.

plained of in the Northern District of Illinois, Eastern Division, and elsewhere.

3. Prior to February 27, 1931, the filing date of the application on which letters patent No. 1,991,455 issued, no conduit systems had been built of pre-fabricated units, each unit consisting of an inner pipe, a covering load-sustaining shell and heat insulating material.

4. Prior to February 27, 1931 insulated conduit systems had been built by a pipe being installed after the bottom part of the surrounding tunnel like shell had been completed, and after this the top part of the tunnel structure was built over the installed pipe.

5. The plaintiff, The Ric-Wil Company, has produced conduits and conduit sections corresponding to the disclosure of letters patent No. 1,991,455, which have been sold, installed and satisfactorily operated.

6. The installation of unit type of conduits corresponding to the disclosure of letters patent No. 1,991,455 has effected substantial savings of material, labor, amount of excavation, time consumed in installation, breakage, and has made possible installations of such conduits under conditions where installation of older type conduits is impossible.

7. The construction disclosed in patent No. 1,991,455 overcame difficulties which had existed in the use of insulated conduit for many years.

8. The construction of patent No. 1,991,455 has gone into wide use and has largely displaced prior structures.

9. The defendant, E. B. Kaiser Company, installed plaintiff's unit type conduit at Peoria, Illinois, and was instructed by the plaintiff in the installation of such conduit.

10. The defendant, E. B. Kaiser Company, subsequent to its installation of plaintiff's conduit commenced manufacture of EBKO insulated conduit.

11. The defendant's EBKO insulated conduit also consists of units each having a central pipe, a load-sustaining outer covering, shell or casing, and heat insulating material between them.

12. Letters patent No. 2,050,968 are the first disclosure of a spacer axially movable in a conduit shell and holding a pipe therein against motion toward the top or sides of the shell.

13. No such spacer has been shown prior to March 25, 1933, the date on which the application which resulted in patent No. 2,050,968 was filed.

14. The defendant E. B. Kaiser Company also uses a spacer moving in the shell in its conduit and holding the pipe within the shell from moving toward the top or sides thereof.

15. The defendant's spacer is a flat piece of metal having a notched periphery, and is a "plate" in the sense in which the word "plate" is used in patent No. 2,050,968.

16. Letters patent No. 2,378,214 is the first disclosure of an integral expansion device comprising a flat sided U-shaped bend of conduit pipe enclosed in a T-shaped casing and having heat insulating material between the pipe and the casing.

17. No such unitary expansion means has been shown prior to June 10, 1942, the date upon which the application for patent No. 2,378,214 was filed.

18. The expansion means of patent No. 2,378,214, reduces labor, material, amount of excavation and breakage over prior expansion means and assists in overcoming difficulties which had existed for many years with the older tunnel type conduit systems.

19. The defendant E. B. Kaiser Company also has manufactured a conduit expansion means comprising a flat sided U-shaped bend of pipe enclosed in a T-shaped casing, the space between the pipe and casing being packed with heat insulating material.

20. Patent No. Re. 22,988 is directed to an anchor consisting of a plate secured to an inner pipe and passing though a surrounding shell or covering to transmit axial forces to the ground.

21. None of the claims of patent No. Re. 22,988 are limited to the shape of the plate.

554

22. None of the claims of patent No. Re. 22,988 are limited to preclude flanges or other material overlying parts of the surface of the plate.

23. The anchor of patent No. Re. 22,-988 has gone into extensive use and is effective in anchoring a conduit.

24. Defendant has produced anchors which are square and of substantially the same proportions as plaintiff's anchors and which are connected to the inner pipe and pass between ends of a surrounding shell.

25. Defendant has produced a round anchor which is secured to the inner pipe and passes between and beyond the ends of the shell or casing sections, transmitting its pressure to the ground through flanges on these casing sections.

26. Defendant was notified of its infringement by plaintiff and persisted in the acts complained of after receiving such notice.

27. Defendant has based its defense solely upon a large number of patents and has taken absolutely no testimony in respect to what are termed in its answer its First and Fourth to Eleventh, inclusive, Defenses, nor as to the alleged prior knowledge and use of its Second Defense.

28. Many of these patents were considered and mentioned by the Examiner in the prosecution of the applications which resulted in the patents in suit.

29. The defendant has taken no testimony of any one having any knowledge of any of the devices of the many references introduced.

30. The only testimony taken by defendant in regard to these many patents is that of Wilbur Fiske Kellogg, the witness Kellogg testifying only as to his opinion of the patents in suit and the patents cited by the defendant.

31. The statutes and rules of Court as to admission to the bar establish the minimum required qualifications for one who attempts to interpret or apply legal subject matter.

32. The statutes and rules of the board of registration for professional engineers as to registration establish the minimum required qualifications for one who attempts to interpret or apply engineering subject matter.

33. The witness Kellogg is qualified neither as a lawyer nor as an engineer.

34. The testimony of the witness Kellogg is not consistent within itself, and is contradictory to established fact.

35. The testimony of the witness Kellogg is not corroborated in any respect.

Conclusions of Law

1. Title to the four patents in suit, Nos. 1,991,455, 2,050,968, 2,378,214 and Re. 22,-988 is in the plaintiff.

2. Each of the four patents in suit Nos. 1,991,455, 2,050,968, 2,378,214 and Re. 22,988 was duly and properly issued by the Patent Office and is presumptively valid.

3. The burden is on the defendant to establish its defense by clear and convincing testimony.

4. The defendant has totally failed to sustain this burden.

5. The testimony of the witness Kellogg is so lacking in credibility as to be of substantially no weight.

6. One not a member of the bar is not qualified to testify as to the legal effect of patents.

7. One not a registered professional engineer is not qualified to testify as to the engineering aspects of patents.

8. The testimony of the witness Kellogg is entirely incompetent.

9. The many references cited in no wise detract from the validity of the patents, especially as many of the references were cited by the Examiner.

10. Defendant derived the inventions directly from the plaintiff.

11. Gottwald letters patent No. 1,991,455 is good and valid at law, is of pioneer character, and is entitled to liberal interpretation.

12. Defendant has infringed each of claims 11, 14, 15, 16, and 17 of letters patent No. 1,991,455.

13. Letters patent No. 2,050,968 is good and valid at law.

14. Defendant has infringed claim 2 of letters patent No. 2,050,968.

■ 15. Letters patent No. 2,378,214 is good and valid at law.

16. Defendant has infringed each of claims 1, 5, and 6 of letters patent No. 2,-378,214.

■ 17. Letters patent Re-Issue 22,988 is good and valid at law.

18. Defendant's anchors, both square and round, infringe claim 1 of letters patent No. Re. 22,988.

19. The complaint must be sustained and the relief prayed for granted.

It is so ordered, and counsel for plaintiff will submit appropriate judgment in accordance herewith.