54

## E. B. KAISER CO. v. RIC–WIL CO.
### Civ. No. 27434.

United States District Court
N. D. Ohio, E. D.
Nov. 22, 1950.

———◆———

Robert W. Wheeler, Cleveland, Ohio, Geo. I. Haight, Robert R. Lockwood, Chicago, Ill., for plaintiff John T. Scott.

Arthur H. Van Horn, Cleveland, Ohio, for defendant Harvey R. Hawgood.

JONES, Chief Judge.

This is a declaratory judgment action in which plaintiff asks the court to hold that its product does not infringe defendant's patents.

The four patents involved herein were the subject of a suit brought by defendant in the District Court for the Northern District of Illinois, Eastern Division. In that action it was held defendant's patents were valid and infringed by plaintiff. Ric-Wil Co. v. E. B. Kaiser Co., 95 F.Supp. 552. This decision was upheld in the Seventh Circuit Court of Appeals, 179 F.2d 401. It is understood that certiorari was denied by the Supreme Court. 339 U.S. 958, 70 S.Ct. 981.

As a result of that suit plaintiff was enjoined from making, causing to be made, selling or causing to be sold, articles defined in certain claims of the four patents in this suit.

Plaintiff with some alterations of its product continued to manufacture the article in question. Defendant has notified several prospective customers that plaintiff's new product infringed its valid patents and it has brought action in the original trial court to cite plaintiff for contempt.

Plaintiff then filed his declaratory judgment action for declaration of rights as

stated above. Defendant has moved for summary judgment claiming that there is no material factual issue. It also claims that this court, in exercise of its discretion should refuse to hear the action. Plaintiff has filed three briefs, defendant two, which cover all arguments raised and which have been considered.

 Of course there is a material factual issue. Affidavits, prepared by defendant to show that plaintiff's present product infringed defendant's patents, cannot be used for such purpose. Affidavits in support of a motion for summary judgment are of value only when they indicate the non-existence of factual issues and they have no value when they attempt to resolve a factual issue in favor of one of the parties. Defendant's affidavits are of the latter type.

However, defendant, in the other branch of its motion, asks this court to exercise its discretion and refuse to hear the action. Jurisdiction of district courts under the Declaratory Judgment Act is discretionary. It is, however, a legal discretion not to be exercised arbitrarily. Crosley Corp. v. Westinghouse Electric & Mfg. Co., 3 Cir., 130 F.2d 474. Courts have refused to exercise their discretion where it appears that there is a prior pending action between the two parties in which all rights of the parties can be adjudicated. Crosley Corp. v. Westinghouse Electric & Mfg. Co., supra; Western Supplies Co. v. Freeman, 6 Cir., 109 F.2d 693. Nor will the courts hear a declaratory judgment action if it is a mere attempt to anticipate a defense in a pending action. Ætna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665. With these general rules in mind, it becomes apparent that this court should dismiss this action.

Defendant has moved to cite plaintiff for contempt in the court which heard the original action between the parties. Plaintiff's defense in that hearing must of necessity be the claim that its present product does not infringe defendant's patents. This is the very issue which plaintiff wishes this court to determine. It is obvious that plaintiff is attempting to anticipate a defense in a prior suit. The mere fact that there is a prior pending action is by some authority sufficient to cause a dismissal of the declaratory action, (See cases cited above) and these cases are ones in which the initial rights of the parties have not yet been decided in the pending cases, and a judgment in the declaratory judgment action would have no adverse affect upon the court before which the prior action was pending, except possibly to terminate that action. Here, however, the pending action is one for the enforcement of a court's injunction. Any decision in this action would place the District Court of Illinois in an anomalous position. It could, or might have to, follow the decision of this court and surrender its right to enforce its own injunction or it could refuse to follow this court's judgment with the possibility that there would be two rulings, one that plaintiff's present product infringed and the other that it did not. Either situation is wholly undesirable, and the only way to prevent such a situation is to dismiss this action, and it is so ordered.