255 F.2d 123
 UTILITIES INSURANCE COMPANY, Appellant,
v.
Ervin LEDFORD, Iris Costner Ledford, James Ivan Evans, alias Ivan Costner, Boyd Ledford and Marie C. Ball, Administratrix of the Estate of Rufus Johnnie Ball, Deceased, Appellees.
 No. 13412.
 United States Court of Appeals Sixth Circuit.
 May 20, 1958.
 
 1
 J. H. Doughty, Knoxville, Tenn., Hodges & Doughty, Harve M. Duggins, Knoxville, Tenn., on brief, for appellant.
 
 
 2
 George D. Montgomery, Knoxville, Tenn., Donaldson, Montgomery & Kennerly, Knoxville, Tenn., Edward F. Hurd, Newport, Tenn., on brief, for appellees.
 
 
 3
 Before SIMONS, Chief Judge, McALLISTER, Circuit Judge, and JONES, District Judge.
 
 
 4
 JONES, District Judge.
 
 
 5
 The appellant insured and agreed to defend Ervin Ledford, owner of the car involved in an accident with another car, two of the occupants of which have brought separate actions in the Circuit Court for Cocke County, Tennessee, for personal injuries (in one case alleged to have resulted in death) against Ledford the insured, and Ivan Evans, the driver of his car, alleged in one case to have been his agent, and in both cases alleged to have driven it with Ledford's permission.
 
 
 6
 In the suit here all the plaintiffs and all the defendants in the two county actions were made parties defendants and relief was asked by way of declaratory judgment in respect of an alleged controversy wholly between citizens of different states. The controversy sought to be adjudicated arose out of a threat by parties plaintiff in the county actions to proceed against the appellant upon judgments, if not satisfied, and demand by defendant Evans in the county cases that appellant defend him in both actions because of the claim in the one case that Evans was Ledford's agent, and in both cases that the car was being driven with Ledford's permission; and, therefore entitled to the coverage of the Ledford policy.
 
 
 7
 Upon his own motion, after issue joined, the District Judge dismissed this suit on the ground that the issues were fact issues determinative of liability under the provisions of the policy, and that each issue can be settled in the pending state court litigation, relying upon Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620.
 
 
 8
 In our view, the standard for the exercise of the discretion of the trial court whether to entertain an action for declaratory judgment as to rights and liabilities of parties who are also parties to pending state court litigation is the question of whether the issues in the declaratory judgment action can be determined in the state court case. This is true because of the basic axiom that the court which has first acquired jurisdiction of the controversy and of the parties should be permitted to determine all aspects of the controversy without interference from another court.
 
 
 9
 Generally, declaratory judgment suits by casualty insurers are brought in the District Court for the purpose of determining whether the insurer shall be required to defend the insured in a state court case. Here there is no such question; there is no controversy between appellant and Ledford, its insured; the appellant is required to defend Ledford in the state actions on any basis of his alleged liability, and as well, to defend Ivan Evans, the driver of Ledford's car who is alleged to have driven the car with Ledford's permission, which, under the policy the appellant was required to do, should such permission be established.
 
 
 10
 No rights of the appellant will be foreclosed by the trials in the state court actions; its obligation to defend Ledford, and the driver of his car by permission, requires it to assume any fancied embarrassment or disadvantage before a jury by the presence of its counsel in a trial in the state court where others than its insured are parties.
 
 
 11
 In effect, the present proceeding would result in a transfer of the fact jury questions in the county cases to the District Court for determination without a jury, which, in our view, would be usurping the function of the county court. This, it seems to us, would be extending the use of the declaratory judgment act beyond its purpose.
 
 
 12
 The fact issue of Evans' permissive use of Ledford's vehicle would be determined at some point in the state court litigation. The only thing the District Court could do if it heard this case would be to determine in advance the fact issues which would appear in the state court actions, if not in the trial, then at the latest in supplementary proceedings in aid of execution.
 
 
 13
 Accordingly, we think the principles found in Brillhart v. Excess Ins. Co., supra, and relied upon by the trial judge amply support his exercise of judicial discretion in refusing to hear, and in dismissing this matter.
 
 
 14
 Judgment of the District Court is affirmed.