The **TRAVELERS INDEMNITY COMPANY, Plaintiff,**

v.

**Catherine D. WINMILL, Robert C. Winmill, Stanley F. Dufour, Eugene T. Robinette, and Corrine W. Strand, Defendants.**

**No. 3–68–Civ.–233.**

United States District Court
D. Minnesota,
Third Division.

Dec. 31, 1968.

---

James A. Reding, St. Paul, Minn., for defendant Robinette.

R. Donald Kelly, Kelly & Finley, St. Paul, Minn., and John R. O'Brien, Jardine, Logan & O'Brien, St. Paul, Minn., for defendant Strand.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

This is an action by an automobile liability insurer for a declaration that it is not obliged to defend any action against, or assume any liability of, Robert C. Winmill growing out of an auto collision which occurred on January 18, 1968.

On that night, Robert Winmill, with the company of his friends Dufour and Robinette, was driving a car belonging to his mother, Catherine Winmill, plaintiff's insured. The car collided with that driven by Corrine Strand at an intersection near downtown St. Paul. Apparently, all four persons involved were injured.

Corrine Strand has brought suit for her injuries in state court against Robert and Catherine Winmill. In addition, passengers Dufour and Robinette claim to be entitled to damages against the Winmills.

Robert Winmill claims that plaintiff is obligated to defend and, if necessary, indemnify him against any claims growing out of the accident. A conflict arises from plaintiff's contention that Robert Winmill was operating his mother's car without her permission and consent, and that his liability is therefore not within the scope of his mother's policy coverage. Plaintiff asks this court to declare its nonliability and has joined as defendants both Winmills, both passengers in the Winmill car, and Corrine Strand.

Eugene Buckley, Baglio & Buckley, St. Paul, Minn., for plaintiff.

George Waldrup, St. Paul, Minn., for defendants Winmill.

Terence O'Loughlin, Altman, Geraghty, Leonard & Mulally, St. Paul, Minn., for defendant Dufour.

To date, defendants Dufour and Robinette have answered, counterclaimed, and cross-claimed against defendants Robert and Catherine Winmill and Corrine Strand for injuries caused by the accident. Plaintiff has moved to dismiss the counterclaim and cross-claims. Defendant Strand has asked leave to join

in the motion to dismiss the cross-claim against her.

Unfortunately, there is nothing rare about the criss-crossing and overlapping complex of demands that this, a seemingly simple auto accident, has spawned. The diversity of citizenship existent between the plaintiff and the defendants has provided an alternative forum for the trying out of at least some of the matters involved. As a result, the facts of the collision or its legal offshoots are now pending, in various forms, in two courts of concurrent jurisdiction.

■ The authority of a federal district court to declare the obligation or lack thereof of a liability insurer to defend or indemnify its insured is commonly acknowledged. This power was recognized in Aetna Life Ins. Co. of Hartford v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937), and since has not been assaulted seriously. Yet, no matter how firm, that principle gives a choice and not a command. For the granting of declaratory relief is discretionary with the trial court. Zemel v. Rusk, 381 U.S. 1, 19, 85 S.Ct. 1271, 14 L.Ed.2d 179 (1965); Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 112, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962); Public Service Comm. of Utah v. Wycoff Co., 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952); 3 Barron & Holtzoff—Federal Practice and Procedure § 1265 (1958); 6A Moore's Federal Practice ¶ 57.08[1].

Of course, across the geography of discretion there are mandatory routes and prohibitory boundaries, and there are loose paths of custom. While not binding in a particular case, these paths, having been worn by the tread of several courts taking a similar direction in a given type of dispute, often have formidable judicial wisdom behind them. Of particular importance here is the admonition of Brillhart v. Excess Insurance Co., 316 U.S. 491, 495, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942):

"Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."

Recently, the Supreme Court has had occasion to reaffirm the efficacy of the *Brillhart* principle. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 746, 19 L.Ed.2d 936 (1968).

More than once the late Chief Judge John J. Parker forcefully wrote of the proper caution that should be observed in the granting of declaratory relief where similar and related matters are pending in a state court of concurrent jurisdiction. In Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321 (4th Cir. 1937), plaintiff's insured was sued in a state court by his wife for injuries allegedly caused by his negligence. While that action was pending, plaintiff sought declaratory relief to the effect that it was not obliged, because the personal injury action was collusive, to defend or indemnify its insured. The wife won a judgment in the personal injury action and sought to recover the amount in an action against the plaintiff insurer. In affirming the dismissal of the declaratory judgment action, Judge Parker said that the discretionary jurisdiction appurtenant thereto,

"should not be exercised for the purpose of trying issues involved in cases already pending, especially where they can be tried with equal facility in such cases, or for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction. The object of the [declaratory judgments] statute is to afford a new form of relief where needed, not to furnish a new choice of tribunals or to draw into the federal courts the adjudication of causes properly cognizable by courts of the states." 92 F.2d at 324.

Years later, in Doby v. Brown, 232 F.2d 504, 506 (4th Cir. 1956), cert. denied

352 U.S. 837, 77 S.Ct. 57, 1 L.Ed.2d 55 he wrote:

"it is well settled that the granting of declaratory relief is a matter resting in the sound discretion of the trial judge and that it ought not be exercised to try a case piecemeal or to drag into the federal courts matters properly triable before the courts of the state."

Cases which have heeded this advice and applied its restraint in situations like the present are numerous. See, e. g., Utilities Ins. Co. v. Ledford, 255 F.2d 123 (6th Cir. 1958); State Farm Mut. Auto. Ins. Co. v. Bonwell, 248 F.2d 862 (8th Cir. 1957); National Union Fire Ins. Co. of Pittsburgh v. Lippert Bros., Inc., 233 F.Supp. 650 (D.Neb.1964); Allstate Ins. Co. v. Thompson, 121 F.Supp. 696 (W.D.Ark.1954). And this court itself, in a case very like the one at hand, has declined to grant declaratory relief. Westchester Fire Ins. Co. v. Larson, 199 F.Supp. 224 (D.Minn.1961).

In Brillhart v. Excess Ins. Co. of America, supra, the Supreme Court suggested that a district court, in the exercise of its declaratory judgment discretion, should ascertain whether the controversy,

"can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of the defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." 316 U.S. at 495, 62 S.Ct. at 1176.

■ The spirit of the foregoing cases, taken together, counsels a practical approach. The problem should be appraised in the light of common sense, having regard to federal-state relations, comity between courts of concurrent jurisdiction, the potentials of the respective systems for expert and comprehensive solution, and factors such as cost and convenience to the public as well as to the parties.

■ In the present case, plaintiff seeks a resolution of its liability for any negligence of Robert Winmill. That matter appears to turn on the question of whether consent and permission were given by the owner and insured Catherine Winmill. But the issue of consent and permission, because it is a vital factor in the determination of the liability of Catherine Winmill for the negligence of her son, Robert, will be litigated in the state court action.* Thus the central determinant of plaintiff's obligations which it seeks to be resolved here, is identical with an issue which will be necessary to a complete disposition of the dispute as it stands in the state forum. This identity distinguishes the present case from that of Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), where the element of agency in the state tort action was broader than, though related to, the issue of permission pending in the federal declaratory judgment action. Furthermore, that case involved additional nonidentical issues. Of paramount importance is the fact that in the Provident case the trial court chose to exercise its jurisdiction and decide the case. Judge Freedman, while dissenting from the Court of Appeal's reversal, "conceded * * * that the trial judge in the exercise of his undoubted discretion might have dismissed the action * *." Provident Tradesmens Bank & Trust Co. v. Lumbermens Mut. Cas. Co., 365

---

* Plaintiff Travelers' complaint alleges that among the allegations made in the state action by Corrine Strand, defendant here, is that Robert Winmill was operating Catherine Winmill's auto with her consent and permission at the time of the collision. M.S.A. 170.54 providing that an automobile owner's liability for the negligence of the driver depends on the owner's consent appears to be significant in the determination of Catherine Winmill's liability for any negligence of her son.

F.2d 802, 816, 822 (3d Cir. 1966). The Supreme Court in vacating the decision of the Third Circuit noted the importance of the fact that the trial judge had exercised its discretion to hear, and in a prolonged trial had heard, the declaratory action before it. 88 S.Ct. at 746–747. We are dealing with the prospect of dismissal at an earlier stage of litigation, a stage in which our discretion is still viable.

Although plaintiff here is not technically a party to the state suit, it will, as Catherine Winmill's insurer, be able to defend with a reservation as to its indemnity obligation. Alternatively, it may refuse to defend and await any contest that may arise from claims brought against it as a result of the collision and its aftermath of litigation.

While it is not clear that Dufour or Robinette have joined in the state litigation, there appears no reason why they cannot join therein, or pursue an independent remedy for their alleged injuries.

Thus, the state court system seems capable of providing a full resolution of all the matters likely to spring from the accident. On the other hand, whether the matters of personal injuries may be injected into a liability insurer's federal declaratory judgment action through the ploys of cross- and counterclaims is a question still much in dispute. Compare American Fidelity Fire Ins. Co. v. Hood, 37 F.R.D. 17 (E.D.S.C.1965) and Hoosier Cas. Co. of Indianapolis v. Fox, 102 F.Supp. 214 (N.D.Iowa 1952), cases which hold that such tort claims do not arise out of the transaction or occurrence which is the subject matter of the insurer's claim and therefore require independent jurisdictional grounds, with Plains Ins. Co. v. Sandoval, 35 F.R.D. 293 (D.Colo.1964) and United States Fidelity & Guaranty Co. v. Janich, 3 F.R.D. 16 (S.D.Cal.1943), cases which reach the opposite conclusion. The matter is enough in dispute to have engendered the opinions and suggestions of scholars. See, e. g., C. Wright, Federal Courts § 80 (1963); 3 Barron & Holtzoff Federal Practice and Procedure § 1269 (1958). Thus, the ability of this court to dispose fully of all matters is at least subject to doubt and such a hazard of piecemeal litigation should be avoided.

While the fact that Corrine Strand won, in a sense, the "race to the courthouse" is not a conclusive determinant, Chicago Furniture Forwarding Co. v. Bowles, 161 F.2d 411, 413 (7th Cir. 1947), it is a factor to be considered. See, e. g., National Equipment Rental, Ltd. v. Fowler, 287 F.2d 43, 45 (2d Cir. 1961). We are neither eager, nor in this case bound, to anticipate the decision of a state court in a suit already commenced. This is especially true where, as here, the case involves matters of state law, matters about which the state courts are the most competent arbiters. Plaintiff has suggested no impediment in the state judicial system to a full adjudication in some form of all the matters he raises here. We do not choose to trouble the parties and state courts with repetitive litigation.

In summary, the balance of relevant factors favors resort to the state courts for a complete disposition of the matters involved. Legal conflicts arising from the collision were instituted first in a state forum. The power of the state judicial system to settle comprehensively all claims and defenses likely to arise is more certainly established than the analogous power of this court. The issues involved are controlled by state law, a subject which is generally within the expert dominion of state rather than federal judges. Simultaneous trial of related matters in courts of concurrent jurisdiction creates a danger of mutual interference and judicial uneconomy, and a resultant unnecessary cost and inconvenience to the litigants and the public.

Therefore, the complaint is dismissed.