The **NEW YORK CENTRAL RAILROAD COMPANY**, Plaintiff,

v.

**COLONIAL STORES, INC.**, d/b/a Albers **Super Markets**, Defendant.

**Civ. No. 67-170.**

United States District Court, S. D. Ohio, E. D.

Oct. 8, 1971.

Harrison W. Smith, Jr., Columbus, Ohio, for plaintiff.

James A. Tressler, Columbus, Ohio, for defendant.

## OPINION AND ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court on plaintiff's motion for summary judgment, defendant's cross claim and the briefs and memoranda of the parties.

This suit was filed by the New York Central Railroad Company, a Delaware corporation, for declaratory judgment under 28 U.S.C.A. §§ 2201 and 2202. It asked the Court to declare the rights and obligations of the parties under a contract they entered on January 3, 1955. This contract provided that defendant, Albers Super Market, which has since merged with Colonial Stores, Inc., a Virginia corporation, was to maintain a portion of New York Central's railroad track which ran between a main track and defendant's store. The contract also provided in part that the defendant " * * * shall, at its own expense, keep that part of said track * * * clear of ice, snow and refuse for a distance of 6 feet outside the rails of said track." Other sections of the contract contained indemnification provisions whereby one party would hold the other harmless in the event of certain occurrences and events.

On February 5, 1965, according to the allegations contained in plaintiff's complaint, one Glenn W. Howes, an employee of plaintiff, slipped and injured himself while walking over track the defendant was bound to maintain under the contract. Plaintiff's complaint further alleges that Mr. Howes' fall was caused by an accumulation of snow and ice mixed with paper, cardboard and other debris.

On February 27, 1967, Howes filed suit number 67L1816 against plaintiff railroad company in the Circuit Court of Cook County, Illinois.[1] Venue is concededly proper in that forum. See Boyd v. Grand Trunk Western Railroad, 338 U.S. 263, 70 S.Ct. 26, 94 L.Ed. 55 (1949). Howes alleged in his suit that he fell and injured himself at 10:05 A.M., February 5, 1965, while walking along the track in question. He alleged that the fall was caused by " * * * debris [consisting] among other things, of paper used as lining in the freight cars * * *, ice and snow then and there covering the said walkway * * * " and that New York Central knew or should have known of these hazardous conditions. Colonial Stores, while mentioned in Howes' complaint, was not made party defendant thereto.

New York Central filed the present action on June 20, 1967, against Colonial and Mr. Howes. In its suit plaintiff asked the Court to declare the rights and liabilities of the parties to the contract " * * * arising out of or connected with the occurrence at the premises of Colonial Stores, Incorporated, in Franklin County, Ohio, on or about, February 5, 1965." Plaintiff further prayed that the Court interpret the contract of January 3, 1955, to decide whether the indemnification provisions extended to include a duty on defendant, to keep the portion of track where Howes was injured, free of snow, ice and debris. Howes' motion to dismiss plaintiff's declaratory judgment suit as it applied to him was granted by this Court by Order entered on February 27, 1968.

■ Although the parties have not raised the point, we are immediately confronted with the question of whether this action is appropriately before this Court in declaratory judgment. See,

---

1. It appears that a second state action by Howes against Colonial is pending in the Court of Common Pleas of Franklin County, Ohio, No. 229,398. However, the parties appear in agreement, or at least have not argued the contrary, that Howes' more active and first filed suit is the one before the Illinois court.

Aralac, Inc. v. Hat Corp. of America, 166 F.2d 286 (3rd Cir. 1948); Maryland Casualty Co. v. Transportation Underwriters, 240 F.Supp. 192 (N.D.Ohio E. D.1965). Declaratory judgment is a remedy that is committed to the sound discretion of the district courts. See, Abbott Laboratories v. Gardner, 387 U. S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); Zemel v. Rusk, 382 U.S. 873, 86 S.Ct. 17, 15 L.Ed.2d 114 (1965); Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 82 S.Ct. 580, 7 L.Ed.2d 604 (1967); A. L. Mechling Barge Lines Co. v. United States, 368 U.S. 324, 82 S.Ct. 337, 7 L.Ed.2d 317 (1961); also see, Walker v. Felmont Oil Corp., 262 F.2d 163 (6th Cir. 1959), cert. den. 361 U.S. 840, 80 S.Ct. 61, 4 L.Ed.2d 78 (1959); Western Supplies Co. v. Freeman, 109 F.2d 693 (6th Cir. 1940). This discretion should not be exercised arbitrarily. See, Tennessee Coal, Iron & Railroad Co. v. Muscoda Local No. 123, 137 F.2d 176 (5th Cir. 1943), aff'd. 321 U.S. 590, 64 S.Ct. 698, 88 L.Ed. 949 (1944); E. B. Kaiser Co. v. Ric-Wil Co., 95 F.Supp. 54 (N.D. Ohio E.D.1950).

██ The principles which the Court believes should govern the determination of this case were first announced in Brillhart v. Excess Insurance Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). In that case the Court determined that:

> Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgment Act, * * * it was under no compulsion to exercise that jurisdiction. The petitioner's motion to dismiss the bill was addressed to the discretion of the court. * * * The motion rested upon the claim that since another proceeding was pending in a state court in which all the matters in controversy between the parties could be fully adjudicated, a declaratory judgment in the federal court was unwarranted. The correctness of this claim was certainly relevant in determining whether the District Court should assume jurisdiction and proceed to determine the rights of the parties. Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state litigation should be avoided.

> Where a district court is presented with a claim such as made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all the parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc. At pp. 494–495, 62 S.Ct. at p. 1175.

This view was reaffirmed recently in Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 126, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). It has been adopted by our Circuit Court. See, Utilities Insurance Company v. Ledford, 255 F.2d 123, 124 (6th Cir. 1958).

In the *Ledford* case, *supra*, suits were pending in state court by a plaintiff injured in an automobile accident against the defendant-insured and his insurer. The insurer filed suit in federal court under the declaratory judgment statute asking that court to determine that since Ledford had allowed one Evans to drive his car in violation of the policy terms, the insurance company was not obligated to defend these actions. The

District Court, on its own motion, dismissed the declaratory judgment suit on the grounds that the factual issues to be determined were identical to those under consideration in the state suit. The Sixth Circuit affirmed this dismissal, noting that:

> In effect, the present proceeding would result in a transfer of the fact jury questions in the county cases to the District Court for determination without a jury, which, in our view, would be usurping the function of the county court. This, it seems to us, would be extending the use of the declaratory judgment act beyond its purposes. 255 F.2d at p. 125.[2]

Also see, Home Indemnity Company, New York v. Lechner, 191 F.Supp. 116 (S.D.Cal.S.D.1961); Maryland Casualty Co. v. Transportation Underwriters, 240 F.Supp. 192 (N.D.Ohio E.D.1965); Philadelphia Transportation Co. v. Southeastern Pennsylvania Transportation Authority, 282 F.Supp. 789 (E.D. Pa.1968); Wilkin v. Wilkin Trust, 261 F.Supp. 977 (W.D.Okl.1966).

■ Applying these principles to the case at bar convinces the Court that this action for declaratory judgment should be dismissed. The Illinois court, before which Howes' suit is currently pending, was the first court to assume jurisdiction over the controversy underlying the declaratory judgment suit. Venue is proper before that court. See Boyd v. Grand Trunk Western Railroad, *supra*. That court will have to determine whether the New York Central was negligent towards Howes. It must necessarily determine the cause of Howes' fall

and whether his injuries were caused by the accumulation of ice and snow along the track in question. The Illinois court may find that the Railroad Company was not negligent at all towards Howes and that the fall was caused by his own contributory negligence. If the Illinois court should find that the New York Central is not liable to Howes there is no need for this court to declare the rights of the parties under the contract now before us.

The New York Central might consider filing a third party complaint in the Illinois suit. The Civil Practice Act of that state has a third party practice rule quite similar to Rule 14, Fed.R.Civ.P. See, S.H.A. ch. 110, § 25. That state rule provides that an Illinois court may, upon application, direct a party be brought into the litigation, if a complete determination of the controversy cannot be had without his presence. See, S.H. A. ch. 110, § 25(1). Illinois decisional law expresses a strong policy in favor of the application of this rule to prevent a multiplicity of suits and to permit a determination of the rights and liabilities of all parties before a single tribunal and upon the same evidence. See People ex rel. Boyington v. Northfield Township High School District No. 225, 402 Ill. 435, 84 N.E.2d 553 (1949); Bogan v. Postlewait, 265 N.E.2d 195 (Ill.App. 1970); Muhlbauer v. Kruzel, 39 Ill. 2d 226, 234 N.E.2d 790 (1968); Mierzejwski v. Stronczek, 100 Ill.App.2d 68, 241 N.E.2d 573 (1968). This would be the preferable course.

It is not certain, based on the pleadings now before the Court that Colonial could be amenable to the process of the

---

2. This is not the view of the Sixth Circuit in cases where federal jurisdiction is exclusive, see, Dominion Electrical Mfg. Co. v. Edwin L. Wiegand Co., 126 F.2d 172 (6th Cir. 1942) (patent infringement case) or in a limited category of insurance cases where under the rule of Steinbach v. Maryland Casualty Co., 15 Ohio App. 392 (1921) an insurer cannot be

made a party to a state court proceeding until liability is found even though the insurer contests its obligations under the insurance contract. See, American States Insurance Company v. D'Atri, 375 F.2d 761 (6th Cir. 1967); Maryland Casualty Co. v. Faulkner, 126 F.2d 175 (6th Cir. 1942).

Illinois court. Assuming it is not, there would still be no prejudice to plaintiff's position. If the Illinois court found New York Central not liable to Howes, any opinion issued by this Court, interpreting the contract, would be merely advisory, based on a hypothetical set of facts and not necessarily the ones that will be found by the Illinois tribunal to have existed on the morning of February 5, 1965. Federal courts should not issue merely advisory opinions. See, Golden v. Zwickler, 394 U.S. 103, 89 S. Ct. 956, 22 L.Ed.2d 113 (1969); Coffman v. Breeze Corporations, 323 U.S. 316, 65 S.Ct. 298, 89 L.Ed. 264 (1945); Maryland Casualty Co. v. Transportation Underwriters, 240 F.Supp. 192 (N.D. Ohio E.D.1969); Grise v. Combs, 183 F.Supp. 705 (E.D.Ky.1960); Grocer's Co-op Dairy Co. v. City of Grand Haven, 79 F.Supp. 938 (W.D.Mich.S.D.1948).

■ If the Illinois court finds New York Central liable to Howes, its cause of action, if any, for indemnification against Colonial, would accrue at that time. The statute of limitations does not begin to run on an indemnity claim until the party seeking indemnification suffers an actual loss. See, Perry County v. Railroad Co., 43 Ohio St. 451, 2 N. E. 854 (1885); Government Savings and Loan Company v. Kaplan, C.A.No. 11510 (Ct.App. Ham. Cty. June 28, 1971); States Steamship Co v. American Smelting & Refining Co., 339 F.2d 66 (9th Cir. 1964), cert. den. 380 U.S. 964, 85 S.Ct. 1109, 14 L.Ed.2d 155 (1965); United States v. Farr, 342 F.2d 383 (2nd Cir. 1965); Kantlehner v. United States, 279 F.Supp. 122 (E.D.N.Y. 1967). In any event, whether or not Colonial has been joined as a party defendant in the Illinois suit, is not alone determinative of this Court's discretion to grant or withhold declaratory relief. See, Travelers Indemnity Company v. Winmill, 294 F.Supp. 394 (D.Minn. 1968).

With these factors in mind, the Court determines that it will dismiss plaintiff's suit for declaratory judgment. Regardless of how we would interpret the contract before the Court, major questions of fact and law would still be pending before two other state tribunals. Dismissal of this suit for declaratory relief is desirable both in terms of state-federal relations and judicial economy. We share the opinion of the court in Travelers Indemnity Company v. Winmill, *supra,* where Chief Judge Devitt wrote that:

In summary, the balance of relevant factors favors resort to the state courts for a complete disposition of the matters involved. Legal conflicts arising from the collision were instituted first in a state forum. The power of the state judicial system to settle comprehensively all claims and defenses likely to arise is more certainly established than the analogous power of this court. The issues included are controlled by state law, a subject which is generally within the expert dominion of state rather than federal judges. Simultaneous trial of related matters in courts of concurrent jurisdiction creates a danger of mutual interference and judicial uneconomy, and a resultant unnecessary cost and inconvenience to the litigants and the public. 294 F.Supp. at p. 398.

This Court is also persuaded by the policy enunciated in strong and clear language by Chief Judge Connell of our sister district to the north in Maryland Casualty Co. v. Transportation Underwriters, 240 F.Supp. 192 (N.D.Ohio E. D.1965), where, under a somewhat different state of facts including potential liability between several insurers, he wrote:

There is no immediate, real controversy, but rather only a speculative and remote possibility of a controversy. Inasmuch as the defendant Transportation Underwriters would not even be liable under the terms of the insurance contract for the costs of the

State court action, unless that action results in a verdict for the plaintiff, there is *no* controversy unless and until such a verdict is returned, and it is within the terms of the defendant's contract.

Even if jurisdiction was proper, we would feel obligated to dismiss this lawsuit in the exercise of that discretion which the law affords us. We are weary of watching insurance companies involved in multi-defendant * * * State court litigation wait until that litigation appears on the trial docket and then file a declaratory judgment action in federal court where they ostensibly argue coverage but where, inevitably, questions of liability furtively slip in. Meanwhile, while a federal court declaratory judgment action works its tedious path to completion, the State proceeding inevitably halts. This case is a perfect example. This accident occurred on December 4, 1959; this action was filed here on November 17th, 1963—*four* years later. It has now been five and a half years since the accident, and the injured people have yet to see a courtroom. This is intolerable. At p. 195.

It might be noticed in passing that quite apart from the matters discussed above, the posture of this case does not make it appropriate for disposition on summary judgment motions. There is no stipulation of the underlying facts and no way for the Court to proceed except by hypothetical constructs.[3] See, E. B. Kaiser Co. v. Ric-Wil Co., 95 F.Supp. 54 (N.D.Ohio E.D.1950).

This action is dismissed.

3. Defendant, in its brief in support of its cross-claim, which asks for the same relief requested in plaintiff's motion for summary judgment, concedes this point when it writes:

   We think that there is an absence of facts in this case from which the Court can say just what did happen, but one thing we think that the Court should not do is to decide any fact or facts as a matter of law which would, of necessity, bar either the railroad or Colonial Stores, Inc., in the actions filed against them. Defendant's Brief in Support of its Cross-Claim, at p. 12.