**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0017n.06
Filed: January 6, 2006

**No. 04-4426**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| ALBEX ALUMINUM, INC., | ) ) | |
| Defendant, | ) ) | |
| KAGEY'S BODY AND FRAME SHOP, INC., | ) ) ) | |
| Defendant-Appellee. | ) | |

Before: DAUGHTREY and COLE, Circuit Judges; HEYBURN,[*] District Judge.

PER CURIAM. The plaintiff, United States Fire Insurance Co. (U.S. Fire), appeals from the district court's order declining jurisdiction in this declaratory judgment action, in which U.S. Fire sought a ruling that it is not required to indemnify its insured, defendant Albex Aluminum, Inc., for the death of an Albex employee who was injured while operating a faulty company vehicle. Because we find no abuse of discretion in the district court's decision to decline jurisdiction based on the existence of pending state litigation involving

---

[*]The Hon. John G. Heyburn, II, Chief District Judge for the Western District of Kentucky, sitting by designation.

related issues, we affirm the judgment entered in the district court dismissing the complaint filed by U.S. Fire in this case.

In January 2000, David Courtney, an Albex employee, was operating a company dump truck at a construction site when the frame of the truck snapped and crushed the cab. Courtney died from his injuries. As a result, Courtney's estate filed a wrongful death action against Albex, RVM Industries, Inc. (RVM), and Kagey's Body Frame & Shop (Kagey's) in an Ohio state court of common pleas. The case was settled prior to the conclusion of trial in July 2001, for an amount totaling $5.35 million. Of that sum, RVM paid $4 million (75 percent), Kagey's paid $1.3 million (24 percent), and Albex paid $50,000 (less than one percent), which amount was reimbursed by U.S. Fire. The settlement agreement reserved the rights of RVM and Kagey's to maintain a cross-claim against Albex for contribution and indemnification.

In February 2004, the Ohio state court granted motions for partial summary judgment in favor of RVM and Kagey's, ruling that they could proceed in a contribution claim against Albex. In its order, the state court found, based on trial testimony, that "as matter of law, Albex knew with substantial certainty that Courtney was in danger by continuing to use the truck, but instructed him to do so anyway."

Albex maintained several insurance policies from U.S. Fire, including a "stop-gap" employers liability policy that provided defense and indemnity for the insured under circumstances stated in the policy. As a result, Albex has been represented by counsel

provided by U.S. Fire throughout the state court proceedings. Nevertheless, in view of the cross-claim pending in state court against its insured, U.S. Fire initiated this federal declaratory judgment action in July 2004, seeking a ruling that it is not required to indemnify Albex for any additional sums that Albex may subsequently be determined to owe RVM or Kagey's, because the insurance policies issued to Albex do not apply to "bodily injury resulting from an act which is determined to have been committed by any insured with the belief that an injury is substantially certain to occur."

In response, Kagey's filed a motion to dismiss the plaintiff's request for a declaratory judgment, arguing that U.S. Fire was "attempting to circumvent the state court issuing a ruling on the proportionate share of [its] liability." The district court granted the motion after applying the appropriate test for determining whether it should exercise jurisdiction and dismissed the complaint without prejudice. U.S. Fire now appeals that order.

"Exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a) is not mandatory," *Bituminous Cas. Corp. v. J&L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004), and we review a district court's decision not to exercise jurisdiction for abuse of discretion. *See id.*; *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995). We therefore reject the plaintiff's contention that because defendant Kagey's challenged this action through a motion to dismiss, we should apply a *de novo* standard of review. Although a ruling on a motion to dismiss is typically reviewed *de novo*, this appeal clearly does not present the typical situation. As the Supreme Court has noted, "[s]ince its

inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286 (citing 28 U.S.C. § 2201(a) (a court "*may* declare the rights and other legal relations of any interested party seeking such declaration")).  Thus, the Court has held that "[a]lthough the District Court ha[s] jurisdiction of the suit under the Federal Declaratory Judgments Act, it [i]s under no compulsion to exercise that discretion." *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942).  Moreover, in contrast to the invocation of *Colorado River*'s abstention doctrine, a district court does not need to point to "exceptional circumstances" in declining to  exercise jurisdiction in a declaratory judgment suit.  *See Wilton*, 515 U.S. at 286; *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-20 (1976).

In this circuit, a district court's discretion is not unfettered, however.  In *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323 (6th Cir. 1984), we adopted a five-factor test to guide the court in determining whether or not to exercise jurisdiction over a request for a declaratory judgment.  Those five factors are:

> (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

*Id.* at 326.  Moreover, we have found reversible error when a district court fails to apply these factors.  *See AmSouth Bank v. Dale*, 386 F.3d 763, 785 (6th Cir. 2004) ("The district court noted this test, but did not apply each factor.").

In this case, the district court reviewed each factor, ultimately finding that – collectively – they weighed against exercising jurisdiction.  U.S. Fire argues that the district court erred in its application of the five factors and, thus, in dismissing the case.  In support, U.S. Fire cites to *Northland Insurance Co. v. Stewart Title Guaranty Co.,* 327 F.3d 448 (6th Cir. 2003), a case in which we affirmed the district court's decision to exercise jurisdiction based on its application of the *Grand Trunk Western* five-factor test.  *Id.* at 453-54. Although the factual circumstances of *Northland* bear some similarity to those in this case, *Northland* does not therefore mandate a reversal in this case but merely illuminates the broad discretion a district court enjoys under the Declaratory Judgment Act.  Indeed, even a brief survey of Sixth Circuit cases indicates that we have consistently upheld decisions of the district courts declining jurisdiction in declaratory judgment cases after a reasoned analysis of the five-factor test.  *See, e.g.*, *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 969 (6th Cir. 2000).

In this case, the district court found that the first two of the five factors – whether a declaratory judgment would settle the controversy or clarify the legal relations at issue – weighed against exercising jurisdiction, noting that "a declaration of [U.S. Fire]'s duty to indemnify Albex will do nothing to resolve the issue before the state court, *i.e.*, the relative

fault of Albex, RVM and Kagey's."  In reaching this conclusion, the district court relied in part on our decision in *Allstate Insurance Co. v. Mercier*, 913 F.2d 273, 278 (6th Cir. 1990) (abrogated on other grounds), in which we held that the first two of the five applicable factors were not met in a situation in which the related state court litigation was not an action against the insured in which the insurer was a party.  We find less than convincing U.S. Fire's argument on appeal that *Northland* requires a contrary result.  In that case, we noted that an insurance company "should not be forced to participate in [a state] action" if, in fact, it "had no duty to indemnify its insured or to defend them [sic] in the state action." 327 F.3d at 454.  Here, however, U.S. Fire  has been defending Albex throughout the state court litigation.  Furthermore, as we noted in *Bituminous Casualty Corp.*, although a declaratory judgment in a situation such as the one in this case would "clarify the legal relationship between [the insurer and the insured]," it would do nothing to clarify the relationship between the parties in the underlying state action.  373 F.3d at 814.

U.S. Fire nevertheless contends that even if a declaratory judgment would not clarify the issues now before the state court, it would at least "clarify the contractual obligations between Albex [] and U.S. Fire" and thereby settle a dispute that "is not pending in any other court."  The district court noted, however, that an indemnification action against U.S. Fire in state court was inevitable *and* that one had not already been filed only because "the state jury ha[d] not yet fixed the exact amount that Albex must pay" in the wrongful death action.  Thus, the district court observed, "It is a foregone conclusion that Albex *is liable* to Courtney's estate; the only question is how its fault compares to that of Kagey's and RVX

– once that matter is determined, Albex will sue [U.S. Fire], which can then assert whatever defenses it wishes." The court likewise cited in support of this conclusion our decision in *Utilities Insurance Co. v. Ledford*, 255 F.2d 123 (6th Cir. 1958), in which we held that the district court had properly declined jurisdiction over an insurer's action seeking a declaration that a third party drove the car in question with the insured's permission, because that issue "would be determined at some point in the state court litigation . . . , if not in the trial, then at the latest in supplementary proceedings in aid of execution." *Id.* at125. In short, we agree with the district court that the first two factors tend to weigh against the exercise of discretion here.

The district court found that the third factor – the "procedural fencing" factor – also weighed against an exercise of jurisdiction, noting our admonition in *AmSouth Bank* that federal courts should not "seize litigations from state courts merely because one party, normally a defendant, goes to federal court to begin his . . . defense before the state court begins the case under state law." 386 F.3d at 775 (quoting *Public Serv. Comm. v. Wycoff Co.*, 344 U.S. 237, 248 (1952)). The indemnification issue was admittedly not yet before the state court, nor was there any evidence in the record of bad faith on behalf of U.S. Fire in filing this action. Nevertheless, the district court concluded that because "[t]he chain of events already in motion in state court . . . lead[s] ineluctably to that very issue being brought before the state court," it was apparent that U.S. Fire was "trying to secure a favorable ruling here, rather than take the risk that it will not fare as well in Albex's inevitable state court action against it." Thus, despite U.S. Fire's claim that its only option

to filing this action was "to sit[] on its proverbial hands," we conclude that the district court did not abuse its discretion in finding that this factor weighed against exercising jurisdiction

The district court considered the last two factors – the possibility of increased friction between the state and federal courts and the possibility of a more effective alternate remedy – together, observing that the issues raised by the federal litigation involve questions of Ohio state law that the state courts are in a better position to address, especially where, as here, those questions "arise in a field which is largely reserved to the states and thus implicates public policy considerations" that form the foundation of state regulation of insurance and the state courts' development of Ohio common law. The district court concluded that in the absence of a showing "that the state courts are unable or unwilling to resolve th[ese] state law contract and insurance coverage issue[s] in a timely, competent, fair and comprehensive fashion," "[j]udicial economy and comity alike militate against helping [U.S. Fire] avoid the state courts' inevitable ruling on whether it must indemnify Albex." The court found that these factors weighed against exercising jurisdiction in this case, and we agree with this assessment.

Having concluded that the district court correctly analyzed the dispositive issues in this case and, for that reason, that the plaintiff has failed to establish that the court abused its discretion in declining to exercise jurisdiction over the complaint filed by the plaintiff, we AFFIRM the district court's judgment dismissing the complaint without prejudice.